## TAYLOR *v.* THE STATE.

1. After the judge had given in charge to the jury the provisions of law as contained in the Penal Code, touching the right of an accused person to make a statement not under oath, that it should have such force only as the jury might think right to give it, and that they might believe it in preference to the sworn testimony in the case, there was no error requiring a reversal in adding:" "If you believe it, then you may accept the unsworn statement of the defendant in preference to the sworn testimony, not capriciously or arbitrarily, but in search of the truth. There is no presumption attached to the defendant's statement, no presumption that it is true, nor any presumption that it is not true. It goes to you without a presumption either for or against it."

(*a*) The better practice in charging on the subject of the prisoner's statement is to instruct the jury in the language of the Penal Code, § 1010, without adding thereto comments or explanations.

2. Where on the trial of a criminal case the rule for the sequestration of witnesses has been invoked, the fact that one of the witnesses for the State, after testifying, has remained in the court-room and heard a portion of the testimony of other witnesses and the statement of the accused does not render him incompetent as a matter of law when offered to testify in rebuttal; and the refusal of the judge to exclude him from testifying will not require a new trial.

(*a*) Upon objection being made to the introduction of the witness in rebuttal, there was no error on the part of the judge in saying: "It does not disqualify the witness. It goes to his credit. I will let you examine him. When the rule is invoked it must be enforced."

3. One ground of the motion for new trial was based on newly discovered evidence; but the evidence so discovered was mere hearsay, and there was no sufficient showing as to diligence in ascertaining the facts referred to in it, nor of the good character of the newly discovered witness. It was therefore not error to refuse a new trial on such ground.

4. The verdict was supported by evidence.

Submitted December 21, 1908.—Decided February 26, 1909.

Indictment for murder. Before Judge Freeman. Coweta superior court. October 24, 1908.

*W. H. Daniel, J. L. Jones, J. B. Copeland,* and *Robert Orr,* for plaintiff in error. *John C. Hart, attorney-general, J. R. Terrell, solicitor-general,* and *W. C. Wright,* contra.

ATKINSON, J. Sam Taylor was indicted for the murder of Warren Price. He was convicted, moved for a new trial, and, after its refusal, excepted.

1. One ground of the motion for new trial assigned error on the following charge: "In all criminal trials the law says the prisoner shall have the right to make to the court and jury such

statement in the case as he may deem proper in his defense. It shall not be under oath, and shall have such force only as the jury may think right to give it. They may believe the statement of the defendant in preference to the sworn testimony in the case. If you believe it, then you may accept the unsworn statement of the defendant in preference to the sworn testimony, not capriciously or arbitrarily, but in search of the truth. There is no presumption attached to the defendant's statement, no presumption that it is true, nor any presumption that it is not true. It goes to you without a presumption either for or against it." Under the rulings in *Cornwall* v. *State,* 91 *Ga.* 277 (5), (18 S. E. 154), and *Keller* v. *State,* 102 *Ga.* 506 (9), 514 (31 S. E. 92), it can not be said that this charge as an abstract statement of law was erroneous, or was such as to require the grant of a new trial. But we can not refrain from repeating what this court has said again and again, that it is best for the trial judge to charge the jury the law as laid down in the Penal Code, §1010, in regard to the right of the prisoner to make a statement, and the effect which they may give to it, and not to add criticisms or comments which may be misunderstood by the jury and have an injurious effect upon the manner in which they deal with such statement. While there is no presumption of law in favor of a prisoner's statement or against it, and while the jury ought not to do anything arbitrarily or capriciously in the trial of a case, yet instructions of this kind made in connection with the statement of the prisoner, and not in connection with the testimony introduced by the State or other parts of the case, may possibly be misinterpreted by a jury, and it is best not to give them. In *Harrison* v. *State,* 83 *Ga.* 129, 136 (9 S. E. 542), Chief Justice Bleckley thus clearly expressed the view which we have just suggested: "But why should the presiding judge be more specific than the statute itself, or go beyond its terms? There is no obscurity or ambiguity in the statute. The legislature has made the matter as clear as can the judiciary. Why should not the legislature be left to address the jury in its own language?" See also *Hendricks* v. *State,* 73 *Ga.* 577, 580.

2. Where witnesses were sworn and directed to retire from the court-room, and one of them, after having given his testimony, by misunderstanding remained and heard a portion of the testi-

mony of other witnesses and the statement of the accused, there was no error in refusing to exclude him from testifying in rebuttal when subsequently called by the State. *Davis* v. *State,* 120 *Ga.* 843 (48 S. E. 305), and cases cited. Complaint was made that, upon objection to the competency of the witness when called in rebuttal on behalf of the State, the court said: "It does not disqualify the witness. It goes to his credit. I will let you examine him. When the rule is invoked it must be enforced." There was no error in this statement as matter of law, nor do we see how the jury could have been affe.ted by it in a manner injurious to the accused.

3. Another ground of the motion for new trial was because of newly discovered evidence. This ground is insufficient to require a new trial, for several reasons. In the first place, the affidavit of the defendant and his counsel seeking to show diligence merely states that "they did not know of the evidence set out in the special ground of the motion for new trial, herewith filed, before the trial of the case therein stated, and that the same could not have been discovered by the exercise of ordinary diligence." This was a mere opinion on their part, and gave no facts by which the court could judge of whether they had used due diligence or not, and whether the evidence could have been discovered before by such use. There is no accompanying affidavit to show the credibility or character of the witness. And lastly, if both of these defects had been cured, the evidence of the newly discovered witness would not be admissible on a new trial, because it is altogether hearsay.

4. We have carefully examined the evidence contained in the record, and are of the opinion that it was sufficient to support the verdict which the jury found.

    *Judgment affirmed. All the Justices concur.*