## 9412.   BELTON v. THE STATE.

1. That the evidence on the trial of one charged with receiving stolen goods does not show the precise term of court at which the principal entered a plea of guilty does not, under the facts of this case, afford any reason for the grant of a new trial.

2-6. The verdict against the accused was manifestly right, and there was no error that requires a reversal of the judgment refusing a new trial.

DECIDED MARCH 6, 1918.

Accusation of receiving stolen goods; from city court of Swainsboro—Judge Kirkland. November 16, 1917.

*Williams & Bradley,* for plaintiff in error.

*Alfred Herrington Jr., solicitor,* contra.

HARWELL, J. 1. The plaintiff in error was tried under an accusation charging him with the offense of receiving stolen goods, and was found guilty. The trial judge overruled his motion for a new trial, and he excepts.

1. The fourth ground of the motion is to the effect that the accusation charges that the principal thief had pleaded guilty at the July term, 1917, of the superior court, and that there was

no proof that the plea was entered at that term; and the fifth ground complains that the court charged the jury that if they found that a plea had been entered by the principal thief, it was at the July term, 1917, of the superior court. The accusation against the principal thief was preferred at the July term, 1917, of the superior court, a plea of guilty was entered thereon by the principal, and the defendant in this case was tried at the August term, 1917, of the city court, and the judge was doubtless correct in his statement that if the jury found the plea had been entered, it was at the July term, 1917, of the superior court. At any rate the plea of guilty on the accusation, though not dated, was necessarily entered at some time in July or August prior to the trial in the instant case. One of the material facts which the State must prove, where the offense charged is that of receiving stolen goods, is the guilt of the principal thief. The evidence should show that the principal was convicted or pleaded guilty before the trial of the receiver of the stolen goods, unless the principal is unknown and that fact is alleged. When the principal thief is unknown, and the alleged receiver of the stolen goods is on trial, every fact, including of course the time of the theft, essential to the conviction of the principal, must be proved, as well as that the party on trial received the stolen goods, within the statute of limitations, with knowledge that they were stolen; but when the principal thief has been convicted or has pleaded guilty before the trial of the receiver of the stolen goods, as in the instant case, it is not essential, in order to sustain the conviction, to prove the exact date or term of court when the principal entered a plea of guilty. *Licette* v. *State*, 75 *Ga.* 253; *Wright* v. *State*, 1 *Ga. App.* 158 (57 S. E. 1050).

We think, therefore, that neither of the grounds above referred to affords a reason for the grant of a new trial. The statement of the court that the plea of the principal, if entered, was at the July term, if erroneous, was not such harmful error, under the facts of this case, as to require the grant of a new trial.

2. The sixth ground complains that the judge, in his charge to the jury, failed to state, that, to the accusation preferred, the defendant had entered his plea of not guilty. It appearing that the court charged the jury that, the State "having preferred the charge set out in the accusation, the defendant having entered his

plea of not guilty of that charge, the matter is one wholly of fact for your determination," there is no merit in this ground of the motion.

3. There is no merit in the seventh ground, which complains that the charge of the court, that the jury "must be convinced beyond a reasonable doubt that he knew, at the time that he purchased or received these goods from Charley Luke Brinson, that they had been stolen," was erroneous because of the use of the word "purchased."

4. There is no merit in the eighth ground, which complains of the charge of the court on the subject of reasonable doubt because the court failed to instruct the jury therein that such a doubt might arise from the defendant's statement as well as from the testimony, the facts and circumstances, or the lack of testimony. *Wilburn* v. *State,* 8 *Ga. App.* 28, 29 (68 S. E. 460).

5. It is complained in the motion for a new trial that the court erred in charging on confessions, because, it is insisted, there was no evidence to authorize a charge on confessions. From the testimony as it appears in the record, and from the defendant's statement at the trial, we are not prepared to say that this was error. If, however, there was any error in this portion of the charge of the court, the verdict against the defendant was so manifestly right that it affords no reason for the grant of a new trial. Where the evidence demands a verdict, an error in the charge will not require the grant of a new trial. *Leonard* v. *State,* 110 *Ga.* 291 (34 S. E. 1015); *Luby* v. *State,* 102 *Ga.* 633 (3) (29 S. E. 494); *Jones* v. *State,* 92 *Ga.* 480 (3) (17 S. E. 859); *Pascal* v. *State,* 77 *Ga.* 596 (2) (3 S. E. 2); *Wise* v. *State,* 34 *Ga.* 348 (3); *Lewis* v. *State,* 33 *Ga.* 131 (1-4).

6. The court did not err in admitting in evidence the accusation preferred against the principal thief and the plea of guilty entered thereon. It appears from the record that Brinson, the principal thief, waived in writing indictment by the grand jury, and pleaded guilty to the accusation charging him with stealing the goods. Ga. L. 1915, p. 32; Park's Ann. Code, Supp. (1917), p. 910, § 956(a).

It would serve no useful purpose to review and discuss the evidence against the defendant, or to set out in full the special grounds of the motion for a new trial. The evidence demanding

the verdict, the court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*