### 16598.   CROSBY v. THE STATE.

BLOODWORTH, J.   1. "An affidavit in support of the witness upon whose newly discovered evidence a new trial is sought must give the names of his associates, a statement that he keeps good company not being sufficient to meet this requirement, which is necessary to enable the prosecution to make a counter showing; and where such affidavit does not comply with this requirement, the trial judge does not abuse his discretion by refusing to grant a new trial on this ground." *Ivey* v. *State*, 154 *Ga.* 63 (6) (113 S. E. 175). As the record in the present case does not contain an affidavit giving the names of the associates of the witness upon whose alleged newly discovered evidence a new trial is sought, under the ruling just quoted, we can not say that the trial judge abused his discretion in overruling the motion for a new trial.

2. There is ample evidence to support the verdict; and, as it is approved by the trial judge and no error of law was committed during the trial, this court will not disturb the verdict.

> *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*
>
> DECIDED JULY 29, 1925.

Accusation of giving worthless check; from city court of Baxley —Judge Speer.  April 29, 1925.

*V. E. Padgett,* for plaintiff in error.

*Wade H. Watson, solicitor,* contra.

---

### 16599.   NOLTON v. THE STATE.

BROYLES, C. J.   The motion for a new trial contained the usual general grounds only; the verdict was amply authorized by the evidence, and the refusal to grant a new trial was not error.

> *Judgment affirmed.  Luke and Bloodworth, JJ., concur.*
>
> DECIDED JULY 29, 1925.

Accusation of possessing liquor; from city court of Thomasville —Judge MacIntyre.  April 11, 1925.

*James B. Burch,* for plaintiff in error.

*J. B. Edwards, solicitor,* contra.

---

### 16601.   RAY v. THE STATE.

BLOODWORTH, J.   1. There is nothing in any of the special grounds of the motion for a new trial that requires a rehearing of this case.