17017.　TANKSLEY, *alias* RICKERSON, *v.* THE STATE.

Failure to charge the jury on the law of circumstantial evidence, when there is no request for such a charge, is not ground for a new trial in a case in which a conviction is not wholly dependent on such evidence.

Prejudicial remarks of the judge to counsel in the presence of the jury on the trial of a criminal case, where there is no motion for a mistrial, are not cause for a new trial.

The verdict was not unsupported by evidence.

DECIDED MARCH 2, 1926.

Making intoxicating liquor; from Columbia superior court— Judge A. L. Franklin. November 6, 1925.

*J. B. & T. R. Burnside,* for plaintiff in error.

*George Hains, solicitor-general, John M. Graham,* contra.

BLOODWORTH, J.　1.　This case is not dependent wholly on circumstantial evidence, and, in the absence of a timely and proper written request therefor, the court did not err in failing to instruct the jury upon the law of circumstantial evidence. *McRae* v. *State,* 27 *Ga. App.* 614 (2) (109 S. E. 688).

2.　Where during the trial of a case an oral request is made that the judge give in charge to the jury the law of circumstantial evidence, and in reply to the request the judge uses language which counsel for the defendant considers prejudicial to the cause of his client and which he insists "amounts to an expression of an opinion on the part of the court as to the defendant's guilt," the proper procedure is for counsel for the defendant to move for a mistrial. If the judge overrules such a motion, then his ruling can be made a ground of a motion for a new trial. The defendant can not take the chance of an acquittal and after conviction make such ruling a ground of a motion for a new trial. Both this court and the Supreme Court have adhered to this rule since the rendition of the decision in *Perdue* v. *State,* 135 *Ga.* 277 (1) (69 S. E. 184).　See *Barnett* v. *Strain,* 151 *Ga.* 554

---

Criminal Law, 16 C. J. p. 1140, n. 61; p. 1151, n. 5; 17 C. J. p. 271, n. 41.

(107 S. E. 530); *Schwall* v. *Quitman Oil Co.,* 21 *Ga. App.* 396 (2) (94 S. E. 648); *Sorrow* v. *State,* 32 *Ga. App.* 504 (1) (123 S. E. 914).

3.   This court will not say that the jurors who tried this case did not have before them any evidence to support their finding; the trial judge was satisfied with the verdict, and the judgment is

*Affirmed. Broyles, C. J., and Luke, J., concur.*