## 17404. TYRE *v.* THE STATE.

The ground of the motion for new trial for newly discovered evidence of relationship between juror and prosecutor was not supported by legally sufficient showing.

DECIDED JULY 13, 1926.

Possessing intoxicating liquor; from city court of Baxley—Judge Speer. April 19, 1926.

*H. L. Williams,* for plaintiff in error.

*Wade H. Watson, solicitor,* contra.

BLOODWORTH, J. The only special ground of the motion for a new trial is based upon the alleged relationship, within the prohibited degrees, of the prosecutor and one of the jurors who tried the case. This ground alleges that neither the accused nor his attorney knew of said relationship prior to the trial of the case, nor could either "have discovered the same sooner by the exercise of reasonable diligence." In *Wheeler* v. *Salinger*, 33 *Ga. App.* 300 (9) (125 S. E. 888), this court held: "A bare recital in the affidavit of the movant or his counsel that the newly discovered evidence offered 'could not have been discovered by the exercise of ordinary care' is but a mere conclusion, without a disclosure of the facts upon which such conclusion is based, and the trial judge is not bound to conclude that the affiant had exercised the required diligence. *Taylor* v. *State*, 132 *Ga.* 235, 237 (63 S. E. 1116); *Patterson* v. *Collier*, 77 *Ga.* 292 (3 S. E. 119); *Evans* v. *Grier*, 29 *Ga. App.* 426 (3) (115 S. E. 921); *Holder* v. *Farmers Exchange Bank*, 30 *Ga. App.* 400 (6, 7) (118 S. E. 467)." The 6th head-

---

Criminal Law, 16 C. J. p. 1218, n. 59; p. 1230, n. 66; 17 C. J. p. 290, n. 21.

note in *Ivey* v. *State,* 154 *Ga.* 63 (113 S. E. 175), is as follows: "An affidavit in support of the witness upon whose newly discovered evidence a new trial is sought must give the names of his associates, a statement that he keeps good company not being sufficient to meet this requirement, which is necessary to enable the prosecution to make a counter-showing; and where such affidavit does not comply with this requirement, the trial judge does not abuse his discretion by refusing to grant a new trial on this ground." See *Carter* v. *State,* 34 *Ga. App.* 581 (2) (129 S. E. 798). Under the foregoing rulings this court will not say that the judge who tried the case abused his discretion by refusing to grant a new trial on the special ground. Moreover, in the case now under consideration the evidence demanded the verdict; and where this is true "the fact that one of the jurors who tried the case was related to one of the parties within the prohibited degrees will not require a new trial." *Frazier* v. *Swain,* 147 *Ga.* 654 (3) (95 S. E. 211).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*