## 17422.  MATHIS v. THE STATE.

BLOODWORTH, J.  1. Complaint is made of the following excerpt from the charge of the court: "The law presumes him [the defendant] to be innocent until the contrary appears by proof which satisfies your minds beyond reasonable doubt as to his guilt; a reasonable doubt being such a doubt as an honest juror would have in a search after the truth." In the absence of a timely and appropriate written request for fuller instructions, the foregoing charge sufficiently informed the jury that the burden was on the State to prove the defendant guilty "beyond a reasonable doubt," and that the defendant "entered upon the trial with the presumption of innocence in his favor." *Pullen* v. *State*, 30 *Ga. App.* 24 (2) (116 S. E. 871), and cit.

2. In the absence of a timely and legal request therefor, it is not reversible error for the court to fail to instruct the jury "with reference to the conflicts in the evidence and the credibility of the witnesses." *Dunn* v. *State*, 32 *Ga. App.* 491 (2) (123 S. E. 905); *Wyatt* v. *State*, 27 *Ga. App.* 45 (2) (107 S. E. 417).

3. The verdict is not without evidence to support it.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED JULY 13, 1926.

Making intoxicating liquor; from Bartow superior court— Judge Tarver.  April 19, 1926.

*J. R. Whitaker,* for plaintiff in error.

*C. C. Pitlman, solicitor-general,* contra.

Criminal Law, 16 C. J. p. 1058, n. 37; p. 1059, n. 42; p. 1061, n. 61.