### 17970. HART *v.* THE STATE.

LUKE, J. 1. The evidence in this case is entirely circumstantial, but excludes every other reasonable hypothesis than that of the guilt of the accused.

2. The ground of the motion for a new trial based on alleged newly discovered evidence is not considered, (1) because the affidavits in support of the witnesses upon whose newly discovered evidence a new trial is sought fail to name any associate of such witnesses. Civil Code (1910), § 6086; *Ivey* v. *State*, 154 *Ga.* 63 (113 S. E. 175); *Carpenter* v. *State*, 35 *Ga. App.* 349 (133 S. E. 350); (2) because the affidavit of the defendant and his counsel, seeking to show diligence, merely stated that they "did not know of the existence of the evidence of said witnesses . . before the trial of said case, and that same could not have been discovered by the exercise of ordinary care;" this being a mere conclusion, without basic facts by which the court could judge whether or not they used due diligence, and whether or not the evidence could have been discovered before by the exercise of such diligence. *Taylor* v. *State*, 132 *Ga.* 235 (3) (63 S. E. 1156); *Tyre* v. *State*, 35 *Ga. App.* 579 (134 S. E. 178). Furthermore, the counter-affidavit of the sheriff was that the said witnesses were under indictment for manufacturing liquor and were fugitives from justice.

3. In the absence of a timely written request for fuller instructions, the following charge of the court sufficiently informed the jury that the burden was on the State to prove the defendant guilty beyond a reasonable doubt: "The law presumes him to be innocent until the contrary appears by proof which satisfies your minds beyond a reasonable doubt as to his guilt. A reasonable doubt is such a doubt as an honest juror would have in search for the truth." *Mathis* v. *State*, 35 *Ga. App.* 583 (134 S. E. 186).

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED APRIL 12, 1927.

Making intoxicating liquor; from Bartow superior court—Judge Tarver. December 30, 1926.

*J. R. Whitaker*, for plaintiff in error.

*C. C. Pittman, solicitor-general, J. C. Mitchell, solicitor-general*, contra.

---

Criminal Law, 16 C. J. p. 1059, n. 42; p. 1061, n. 61; p. 1230, n. 66; p. 1231, n. 75, 76.

Intoxicating Liquors, 33 C. J. p. 758, n. 87.