18107. GEORGIA UTILITIES COMPANY *v.* WARD *el al.*

1. Prejudicial remarks of the judge to counsel, even "though the remarks contain an expression of opinion," where there is no motion for a mistrial, are not cause for a new trial.

2. There was no error in refusing to allow a witness to testify that he "was going to put the current from this same transmission line that traversed his farm and Mr. Ward's farm [the farm of the defendant] to various uses on the farm of the witness."

3. The excerpts from the charge, of which complaint is made in the amendment to the motion for a new trial, are not erroneous.

DECIDED JUNE 14, 1927.

Appeal; from Catoosa superior court—Judge Pittman. April 4, 1926.

Application for certiorari was made to the Supreme Court.

*Grady Head, Maddox, Maddox & Mitchell,* for plaintiff.

*William E. & Gordon Mann,* for defendants.

BLOODWORTH, J. Georgia Utilities Company instituted proceedings to condemn certain lands of M. V. Ward on and across which was to be erected a line to be used in transmitting electric power. As provided by law, arbitrators were appointed, they made

---

Eminent Domain, 20 C. J. p. 983, n. 58; p. 1016, n. 73; p. 1017, n. 74.
New Trial, 29 Cyc. p. 771, n. 88.
Trial, 38 Cyc. p. 1325, n. 11.

an award, and from this award an appeal was taken to the superior court. There the verdict of the jury was in favor of Ward. The Georgia Utilities Company made a motion for a new trial, and when that was overruled the case was brought here for review.

1. A ground of the amendment to the motion for a new trial alleges that "the court erred, during the trial of the case and in the presence and hearing of the jury, in intimating an opinion that the Georgia Utilities Company was not proceeding fairly in this condemnation proceeding." From "the character of the remarks it is assumed that the remarks were made to counsel touching certain questions of law and fact. And where statements are made to counsel in this way, and not as a portion of the court's charge to the jury, they will not be good ground of a motion for new trial, unless a motion for a mistrial was made, though the remarks contained an expression of opinion which would not be permissible in the charge to the jury. *Moore* v. *McAfee,* 151 *Ga.* 270 (106 S. E. 274)." *Barnett* v. *Strain,* 151 *Ga.* 554 (5) (107 S. E. 530). The principle just announced has been adhered to by both this and the Supreme Court since the rendition of the decision in *Perdue* v. *State,* 135 *Ga.* 277 (69 S. E. 184); *Tanksley* v. *State,* 35 *Ga. App.* 189 (132 S. E. 263).

2. The second headnote needs no elaboration.

3. The excerpts from the charge to which reference is made in the 6th and 7th grounds of the motion for a new trial are as follows: "I charge you that you should not consider advantages which may be sustained by other than the defendant, whether by the Town of Ringgold or by other sections of our country, by reason of the erection of the transmission line in question." "I charge you that the effect of this condemnation proceeding, when it shall be concluded, is not to vest in the plaintiff company a fee-simple title to the hundred-foot strip of land across which certain easements are sought to be condemned by the plaintiff company, but to vest in the plaintiff company the right to construct over and across this hundred-foot strip a certain line for the purpose of transmitting electricity thereover, the erection of certain poles or towers as described therein, and for the maintenance in future of this line as set out in the notice which has been served on the defendant in this case, and under the notice so served, as amended in the amendment which has been on this

date allowed by the court, the title to the land remains in the defendant. He has the right to any and every use thereof which is not inconsistent with the easement and rights which are in this proceeding sought to be condemned by the plaintiff. He has, however, or will have, after the conclusion of this proceeding, no right to use any of this hundred-foot strip of land which would be inconsistent with the easement which is herein sought to be condemned by the plaintiff, or which would interfere with the proper construction and maintenance of the power line which the plaintiff company proposes to erect, or has erected, across this particular strip of land." These portions of the charge are not erroneous.

4. There is ample evidence to support the finding of the jury.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*