19036. KINGSTON *v.* THE STATE.

Decided October 2, 1928. Rehearing denied November 13, 1928.

*H. A. Allen,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, John H. Hudson,* contra.

LUKE, J.   W. R. Kingston was convicted under an indictment charging him with involuntary manslaughter, in that he ran down and killed J. E. Wilkins on Lucile Avenue, a public street in the City of Atlanta, with an automobile, which was at the time being driven on the wrong side of the street and at an excessive rate of speed, in violation of sections 21 and 53 of the ordinances of the City of Atlanta.

1.   Upon conflicting evidence the jury had the right to conclude that the defendant was guilty as charged; and this court can not say that the trial judge erred in overruling the general grounds of the motion for a new trial.

2.   The ground of the motion for a new trial based upon alleged newly discovered evidence is defective, (1) because the affidavits in support of the witnesses upon whose alleged newly discovered evidence a new trial is sought fail to name any associate of such witnesses (Civil Code (1910), § 6086; *Hart* v. *State,* 36 *Ga. App.* 673 (2), 137 S. E. 798; *Ivey* v. *State,* 154 *Ga.* 63 (6), 113 S. E. 175); *Crosby* v. *State,* 34 *Ga. App.* 235) (128 S. E. 817), and (2) because the bare recital in the affidavit of movant that said evidence could not have been discovered before trial and conviction by the exercise of ordinary diligence is a mere conclusion, and not binding upon the trial judge.   *Hart* v. *State,* supra; *Taylor* v. *State,* 132 *Ga.* 235 (3) (63 S. E. 1116); *Tyre* v. *State,* 35 *Ga. App.* 579 (134 S. E. 178).   Furthermore, the alleged newly discovered evidence was largely cumulative, and the affidavits for the defendant were contradicted in material matters by the counter-affidavits of the State.   In these circumstances this court can not say that the judge abused his discretion in overruling the ground of the motion for a new trial based upon alleged newly discovered evidence.   In this connection see *Bradford* v. *Brand,* 132 *Ga.* 642 (64 S. E. 688); *Hayes* v. *State,* 16 *Ga. App.* 334 (85 S. E. 253).

*Judgment affirmed.   Broyles, C. J., and Bloodworth, J., concur.*

### ON MOTION FOR REHEARING

LUKE, J.   The only contention in the motion for rehearing is that no certified copy of the ordinance of the City of Atlanta which

the accused was convicted of violating was in the record transmitted to this court, and, therefore, this court (not being authorized to take judicial cognizance of the existence of a municipal ordinance) had no evidence before it to show the existence of such an ordinance. This contention is without merit. The record shows, without dispute, that a certified copy of the ordinance in question was admitted in evidence. It is true that, through some oversight, the certified copy was not transmitted with the record to this court. However, the record affirmatively shows that the certified copy of the ordinance admitted in evidence was a copy of the same ordinance which the accused was charged with having violated, and that the provisions of that ordinance were set forth specifically in the indictment. The record, therefore, clearly shows not only that a certified copy of the ordinance was introduced in evidence, but what were the provisions of the ordinance. Under such circumstances this court certainly did have evidence before it not only of the existence of the ordinance but of the specific provisions thereof.

*Rehearing denied. Broyles, C. J., and Bloodworth, J., concur.*