## 19105. JOLLY *v.* THE STATE.

DECIDED NOVEMBER 14, 1928.

*Norman E. English,* for plaintiff in error.

*Charles H. Garrett, solicitor-general,* contra.

BLOODWORTH, J. 1. Ground 1 of the amendment to the motion for a new trial alleges that the court erred in admitting in evidence, over objection, the following: "I put Hubert Rawls on the defendant's trail, and I had cause to do that." The only objection then urged to this evidence was that "it is not permissible for a witness to testify something indirectly, by inference, that would not be admissible directly as evidence." As against this objection the court did not err in admitting this evidence. The ground is incomplete. It is not made to appear to what the witness was testifying "indirectly, by inference." In this ground of the motion other reasons than the one stated above are urged why the evidence is inadmissible, but these reasons can not be considered, as it does not affirmatively appear that they were urged and passed upon at the trial. *Atlanta Life Ins. Co.* v. *Jackson,* 34

*Ga. App.* 555 (2) (130 S. E. 378) ; *Langston* v. *State,* 153 *Ga.* 127 (1) (111 S. E. 561) ; *Milliken* v. *State,* 34 *Ga. App.* 596 (130 S. E. 347), and cases cited on page 597. Moreover, even should we concede that it was error to admit this evidence (which we do not), it is not of such materiality, when all the evidence is considered, that its admission requires the grant of a new trial.

2. Special grounds 2 and 3 of the motion for a new trial are specifically abandoned in the brief of counsel for plaintiff in error.

3. The verdict has the approval of the trial judge, and this court can not say that there is no evidence to support it. In *Rogers* v. *State,* 101 *Ga.* 562 (28 S. E. 978), Judge Cobb said: "Applications for new trials on the ground that the verdict of the jury is contrary to evidence are addressed to a sound legal discretion to be exercised by the trial judges. When this discretion has been exercised and the motion for a new trial overruled, this court will not interfere where there is any evidence which would justify the jury in reaching the conclusion which is set forth in the verdict. While in many cases we would probably not have rendered the verdict returned, and, if we were authorized to pass upon the case as on appeal, would render here a different judgment, still, under the established practice of this court as required by the law of this State, we can not overrule a trial judge, who, fresh from the atmosphere of the trial, sends to us a record in which he endorses the finding of the jury which tried the case in his presence. This is true even in cases where the evidence might be described as weak, unsatisfactory, and doubtful. The wisdom and discretion of the trial judge is sufficient for us to endorse his judgment in cases of this character." See also *Hendrix* v. *State,* 37 *Ga. App.* 166 (139 S. E. 101).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*