## 19498.   WHITMAN *v*. THE STATE.

DECIDED APRIL 9, 1929.

*Wallace & Wallace,* for plaintiff in error.

*Joseph B. Duke, solicitor-general,* contra.

BLOODWORTH, J.   ■   In ground 1 of the motion for a new trial certain evidence was objected to on the grounds that "it has no bearing on the case, was irrelevant, immaterial, incompetent, and prejudicial to the rights of the defendant."   Each of these objec-

tions is general and presents nothing specific for the consideration of this court. Under repeated rulings of this court, such objections are insufficient. *Herndon* v. *State,* 38 *Ga. App.* 117 (4), 119 (142 S. E. 695), and cit.; *City of Manchester* v. *Beavers,* 38 *Ga. App.* 338 (2) (144 S. E. 11), and cit.

This ground of the motion alleged also that "the admission of certain testimony was error for the reasons above stated and for certain other enumerated reasons," which are then for the first time stated. These additional reasons can not be considered because "it does not affirmatively appear that they were urged and passed upon at the trial." *Jolly* v. *State,* 38 *Ga. App.* 731 (145 S. E. 525); *Edenfield* v. *State,* 37 *Ga. App.* 628 (2) (141 S. E. 220); *Langston* v. *State,* 153 *Ga.* 127 (111 S. E. 561). It is further alleged in this ground that the court erred in a certain statement made when ruling on the admissibility of evidence. Counsel for the defendant did not move for a mistrial, and "having failed to do this, the defendant can not, after a return of an adverse verdict, have that verdict set aside and a new trial granted." *Tanner* v. *State,* 163 *Ga.* 130 (9) (135 S. E. 921); *Georgia Utilities Co.* v. *Ward,* 37 *Ga. App.* 45 (138 S. E. 588), and cit.

Ground 2 of the amendment to the motion for a new trial, after quoting certain evidence, alleges that the court erred in permitting the following part thereof to go to the jury: "He was tried for having whisky in possession at a store." The objections urged to the admissibility of this evidence were that the record would be the highest and best evidence on that point, and that the evidence was "hearsay, irrelevant, and immaterial." As against these objections the evidence was properly admitted. Immediately following the sentence to which objection was made, the witness said: "I know that of my own knowledge."

A motion to declare a mistrial was made because a witness while on the stand accused the defendant of making a statement which the witness said was "an absolute lie." It is alleged that this reflected upon the character of the defendant, put his character in issue, and was highly prejudicial. When the witness made this statement the trial judge of his own motion told him that to use such language was not proper, and later instructed the jury as follows: "I wish to say that any statement that Mr. Malone made just now in stating that what the defendant said . . was a lie

. . was improper on the part of the witness, and I wish to say very emphatically to the jury that such statement on the part of Mr. Malone should have no influence on the minds of the jury in reaching a verdict in this case, and when you go to your room it would be proper for the jury to disabuse their minds of any impression as to this language." Under the ruling in *May* v. *State*, 24 *Ga. App.* 379 (3) (100 S. E. 797), and cit., the court did not err in denying the motion to declare a mistrial.

■ A new trial should not be granted because of the alleged newly discovered evidence. The only effect of this evidence would be to impeach a witness for the State. "Though the witness sought to be impeached by newly discovered evidence was the only witness against the prisoner upon a vital point in the case, if the sole effect of the evidence would be to impeach the witness a new trial will not be granted." *Morgan* v. *State*, 38 *Ga. App.* 686 (145 S. E. 521). Moreover, this ground of the motion is defective, "(1) because the affidavits in support of the witnesses upon whose alleged newly discovered evidence a new trial is sought fail to name any associate of such witnesses. Civil Code (1910), § 6086; *Hart* v. *State*, 36 *Ga. App.* 673 (2) (137 S. E. 798); *Ivey* v. *State*, 154 *Ga.* 63 (6) (113 S. E. 175); *Crosby* v. *State*, 34 *Ga. App.* 235 (128 S. E. 817), and (2) because the bare recital in the affidavit of movant that said evidence could not have been discovered before trial and conviction by the exercise of ordinary diligence is a mere conclusion, and not binding upon the trial judge. *Hart* v. *State*, supra; *Taylor* v. *State*, 132 *Ga.* 235 (3) (63 S. E. 1116); *Tyre* v. *State*, 35 *Ga. App.* 579 (134 S. E. 178)." And see *Kingston* v. *State*, 38 *Ga. App.* 675 (145 S. E. 468). See *Trammel* v. *Shirley*, 38 *Ga. App.* 711 (2), 727 (145 S. E. 486), and cit.; *Deen* v. *State*, 37 *Ga. App.* 377 (140 S. E. 427). In *Crosby* v. *State*, 34 *Ga. App.* 235 (128 S. E. 817), this court quoted from *Ivey* v. *State*, supra, as follows: "An affidavit in support of the witness upon whose newly discovered evidence a new trial is sought must give the names of his associates, a statement that he keeps good company not being sufficient to meet this requirement, which is necessary to enable the prosecution to make a counter showing; and where such affidavit does not comply with this requirement, the trial judge does not abuse his discretion by refusing to grant a new trial on this ground."

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*