### 21761. Strickland Motor Co. *v.* Wofford Oil Co.

Jenkins, P. J. 1. In the instant suit for rent instituted by a distress warrant, where the only defense filed was by a statutory counter-affidavit, and where the defendant, by its evidence, contended that certain improvements had been made upon the premises for which rent was claimed, exception is taken by the defendant to the following charge of the court: "Gentlemen of the jury, you have heard the evidence in this case. You have heard all the facts and circumstances of the case. The issues of fact are issues exclusively for you to determine from the facts and circumstances of the case and the evidence, and under the rules of law that the court has given you in charge. If you find in favor of the plaintiff, the form of your verdict will be, 'We, the jury, find in favor of the plaintiff so many dollars and cents.' If you find in favor of the defendant,

the form of your verdict will be: 'We, the jury, find in favor of the defendant.'" *Held:* The charge of the court was not error in that the court failed, in connection with the excerpt quoted, to instruct the jury that the amount paid out by the defendant for improvements should be deducted from the amount of rent to which the plaintiff was entitled. The charge as given could not possibly have misled the jury into believing that the defendant could not be entitled to any credit for improvements made. Moreover, the court had elsewhere fully and fairly instructed the jury with reference to this contention of the defendant.

2. The remaining ground of the motion for a new trial, which makes the contention that one of the jurors who tried the case was disqualified by reason of ill feeling toward the defendant, expressed previously to the trial, recites that "inquiry was made by the court as to the qualification of any of the jurors composing the panel from which the jury that tried said case was selected, and that said jurors qualified as being eligible to sit upon the trial of said case." It must be presumed, therefore, that the jurors were put upon their voir dire, and that the particular juror qualified under oath upon his voir dire. Accordingly, the showing made by the affidavit of a single witness as to the ill feeling of the juror toward the defendant was not sufficient to authorize the setting aside of his verdict. *Coggeshall* v. *Park*, 162 *Ga.* 78 (3), 79 (132 S. E. 632). Moreover, the showing made was not legally sufficient, since the affidavits submitted to the trial judge in support of the sole witness by whom it was sought to prove the alleged prejudice of the juror did not set forth the residence and associates of the witness, as required by the Civil Code (1910), § 6086. *Tyre* v. *State*, 35 *Ga. App.* 579 (134 S. E. 178).

3. The evidence authorized the verdict in favor of the plaintiff, and the court did not err in overruling the defendant's motion for a new trial.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED MARCH 17, 1932.

*Andrew J. Tuten, C. A. Williams,* for plaintiff in error.
*Wade H. Watson,* contra.

