### 22677. PIERCE *v.* THE STATE.

BROYLES, C. J. 1. Under section 6086 of the Civil Code (1910), where a motion for a new trial "is made on the ground of newly discovered evidence, it must appear by affidavit of the movant and each of his counsel that they did not know of the existence of such evidence before the

trial, *and that the same could not have been discovered by the exercise of ordinary diligence.*" (Italics ours.) While a bare recital in such affidavits that the newly discovered evidence "could not have been discovered by the exercise of ordinary care" is but a mere conclusion of the affiants, when there is no disclosure of the facts upon which the conclusion is based (*Tyre* v. *State*, 35 *Ga. App.* 579, 134 S. E. 178, and cit.), nevertheless, where the affidavits do not contain the statement that the affiants could not have discovered the newly discovered evidence before the trial by the exercise of ordinary diligence, or words to that effect, they are fatally defective, and the judgment of the trial court overruling the motion for a new trial will not be reversed by this court because of such evidence. Applying the foregoing rulings to the facts of the instant case, the court did not err in overruling the ground of the motion for a new trial based upon alleged newly discovered evidence.

2. The remaining special grounds of the motion for a new trial, complaining of the admission of certain testimony, are without merit, since, as admitted in the brief of counsel for the plaintiff in error, such evidence was not harmful to the accused.

3. Under the evidence in the case this court can not say that the verdict was not authorized; and the finding of the jury having been approved by the trial judge, and no error of law appearing, the judgment refusing to grant a new trial must be and is

*Affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED JANUARY 27, 1933. REHEARING DENIED FEBRUARY 17, 1933.

*T. G. Head,* for plaintiff in error.
*John C. Mitchell, solicitor-general,* contra.

