22647. EVANS *et al. v.* THE STATE.

DECIDED FEBRUARY 3, 1933.

*H. H. Elders,* for plaintiffs in error.

*R. N. Odum, solicitor, D. L. Stanfield,* contra.

MACINTYRE, J.   The accusation in this case charges Joe Evans, Paul Lynn, and Roy Lynn with dynamiting fish in the Ohoopee river in Tattnall county, Georgia, on September 22, 1931. The defendants were jointly tried and convicted, and their exception is to the judgment overruling their motion for a new trial.

In view of the following statement in the brief of counsel for plaintiffs in error we could with propriety refrain from discussing the evidence in the case: "It was a very weak case under the evidence. Counsel . . knows that however weak the case was, it would stick under the evidence, the jury having determined that." However, we will supplement this statement with a short quotation from the testimony of the witness L. P. Harden, which is as follows: "The first time I saw them [the defendants] they were on the Tattnall side of the river—Tattnall county, State of Georgia. . . They were fixing to dynamite some fish. I could see them plainly from where I was, and they were fixing a dynamite, and then lit it and threw it in, and waited for it to bust, and then went in and got the fish. . . After it was thrown in I heard the explosion, and seen fish rise to the top. Joe was putting the fish in a sack, and they were throwing them out. . . " Another State's witness, Bob Murray, testified substantially as did the witness Harden, and positively identified the defendants on trial as the culprits. It is not necessary to summarize the defendants' statements to the jury or the evidence in their behalf. We hold that the evidence supports the verdict, and that the trial judge did not err in overruling the general grounds of the motion for a new trial.

It is averred in the first special ground that the court erred in refusing to allow Mrs. Roy Lynn, the wife of one of the defendants, to testify in behalf of the other two defendants on trial with her husband. In *Trowbridge* v. *State,* 74 *Ga.* 431 (2), the Supreme Court held: "Where two defendants, jointly indicted, elected to be tried jointly, and made no reservation of the right to testify for each other, as though they had severed and were tried separately, there was no error in refusing to allow the wife of one of the defendants to testify in favor of the other defendant then on trial." The principle announced in the *Trowbridge* case was applied in *Stephens* v. *State,* 106 *Ga.* 116 (3), 119 (32 S. E. 13), where it was held that the court properly refused to allow the husband of one of the defendants on trial to testify for the other joint defendant. We hold that this ground of the motion for a new trial is not meritorious.

The only other special ground is based upon alleged newly discovered evidence. In his affidavit as to diligence P. M. Anderson swears: "That I was the only lawyer defending the above-stated case when it was tried before the court and a jury, and that I used what I considered to be due diligence in finding out the evidence for the defendants, and used all of the evidence that I had discovered up to the time of the trial of the case; that I did not know of the evidence as testified to by Rabun Strozier until after the trial of said case." The statement in the attorney's affidavit as to diligence is a mere conclusion, and sets out no facts from which it can be determined whether or not the evidence referred to could have been discoverd by the exercise of ordinary diligence. The same may be said of the affidavit of the defendants as to diligence. Therefore this ground is too defective for this court to consider. See *Trammell* v. *Shirley,* 38 *Ga. App.* 710 (2) (145 S. E. 486), citing *Hart* v. *State,* 132 *Ga.* 235 (3) (63 S. E. 1116), and *Tyre* v. *State,* 35 *Ga. App.* 579 (134 S. E. 178). Furthermore, even were the ground considered, the alleged newly discovered evidence is impeaching and cumulative in its nature and in all probability would not bring about a different result upon another trial of the case. Besides, the State introduced counter-affidavits, and the judge was the trior of the issue sought to be raised.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*