### 25912.   CHRISTIE *v.* THE STATE.

DECIDED JANUARY 12, 1937.

*Ulmer & Dowell,* for plaintiff in error.

*Samuel A. Cann, solicitor-general,* contra.

MacIntyre, J. ■ M. P. Lane having testified unequivocally and positively that he recognized Elton Christie as the man who shot him twice, and another witness having sworn that Lane was shot "through the right wrist and left side," and the venue having been proved, the evidence supported the verdict of assault with intent to murder.

■ Complaint is made, in the motion for new trial, of the following excerpt from the charge to the jury: "In the event you find him guilty as charged, the form of your verdict will be, we, the jury, find the defendant guilty, and fix his punishment at, minimum never less than two, and maximum at never more than ten. Before signing, you have a right to add, 'but we recommend that he be punished as for a misdemeanor.' The trial judge could adopt that recommendation, or reject it." The assignment of error concludes: "The error, . . being evidently what is commonly termed 'a slip of the tongue,' was nevertheless such as to be likely to confuse and mislead the jury as to the law given them in charge with reference to finding the defendant not guilty as charged." The motion for a new trial as amended was properly certified by the judge. The assignment of error shows no error in the instruction. The charge as it appears is abstractly correct.

There is no merit in this ground. The foregoing conclusion is correct notwithstanding the fact that counsel for the plaintiff in error strenuously contend in their brief that the stenographer's report shows that the court really instructed the jury: "In the event you find him *not* guilty," etc.

■ Another ground avers that the following excerpt from the charge was erroneous: "He made a statement not under oath, which you . . have the right to believe in preference to the sworn testimony, or reject it; give it just such weight and credit that you think it is entitled to." Error is assigned, (a) because the court "did not fully and correctly charge the section of the Code governing the prisoner's statement;" (b) because the charge did not inform the jury that the prisoner's statement "shall not be under oath," and the "charge . . was likely to mislead the jury into believing that the prisoner's statement might have been made under oath;" (c) "because the phrase 'or reject it' is not a part of the law applicable . . to the prisoner's statement;" (d) because the charge "denied the prisoner the right to have the jury instructed that his statement would 'have such force only as the jury might think right to give it;'" and because the court denied the prisoner the right "to have the jury consider and pass upon his statement, or to give any weight thereto in the consideration of said case, unless the jury believed his statement in preference to the sworn testimony in the case." None of these assignments shows cause for reversal.

■ "An affidavit in support of the witness upon whose newly discovered evidence a new trial is sought must give the names of the associates, a statement that he keeps good company not being sufficient to meet this requirement, which is necessary to enable the prosecution to make a counter-showing; and where such affidavit does not comply with this requirement, the trial judge does not abuse his discretion by refusing to grant a new trial on this ground." *Ivey* v. *State,* 154 *Ga.* 63 (6) (113 S. E. 175); *Hart* v. *State,* 36 *Ga. App.* 673 (2) (137 S. E. 798); Code, § 70-205. Under the authorities cited, the judge did not abuse his discretion in refusing to grant a new trial on the last ground of the motion. Even if this ground were in proper shape to consider, we would decline to hold that the judge was not warranted in concluding

that due diligence was not exercised in procuring the alleged newly discovered evidence.

*Judgment affirmed.* *Broyles, C. J., and Guerry, J., concur.*