37358, 37359, 37360. WILLIAMS *v.* THE STATE (three cases).

DECĪDED OCTOBER 16, 1958.

*Hollis Fort, Jr.,* for plaintiff in error.

*Claude N. Morris, Solicitor,* contra.

CARLISLE, Judge. J. T. (Buck) Williams was tried and convicted in the City Court of Americus on three separate accusations charging him with receiving stolen property, in each case the property alleged to have been stolen and received by the defendant being 26 sport shirts. The only substantial difference in the three accusations was the date of the alleged offense, the first offense being on January 11, 1958, the second on January 25, 1958, and the third on February 8, 1958. Each case was tried separately and the defendant, upon conviction in two of the cases, was sentenced to a term of 12 months on the public works which was suspended upon the payment of a fine, and in the third case, the sentence was twelve months on the public works 6 months of which was suspended after the defendant had served 6 months and upon the payment of a fine. The defendant made motions for new trial on the general grounds, and in each

case the motion was amended by the addition of two special grounds. These motions were denied and the exceptions here are to those judgments.

1. The evidence in each case as to material facts was substantially the same, and it is sufficient to say that it showed that the defendant had purchased the shirts in each instance from one Charles Kenmore, the principal thief and an employee of a sports-wear company in Adel, Georgia, under such circumstances as would have raised a question in the mind of a reasonable man as to the bona fides of the transaction. In each instance, the sale and delivery of the shirts took place on a Saturday night and the shirts were delivered to the defendant's hotel room in the Windsor Hotel in Americus, Georgia, by being brought in at a side door, and the defendant paid a price for the shirts which, under the evidence, the jury was authorized to find was in great disparity to their real value. The evidence in each case was sufficient to sustain the verdict of guilty.

2. Special ground 1 in Case No. 37358 assigns error on the failure of the court to grant a mistrial on motion of the defendant because the solicitor stated to the jury in his argument after the close of the evidence that the defendant's statement was not under oath. Under the rulings in *Ryals* v. *State*, 125 *Ga.* 266 (1) (54 S. E. 168), and *Turner* v. *State*, 20 *Ga. App.* 165 (1) (92 S. E. 975), this statement to the jury was not harmful to the defendant nor was it error such as to require a new trial for the court to permit the statement. The prosecuting attorney has the right in his argument to criticize the defendant's statement, and while, of course, the defendant, under our law, has no choice but to stand mute or make an unsworn statement, this fact would seem to be a legitimate matter upon which the solicitor could comment in his argument. See *Fitzgerald* v. *State*, 51 *Ga. App.* 636 (2) (181 S. E. 186).

3. Special ground 2 complains of a portion of the charge which was substantially in the language of Code § 26-2620 to which the judge added after charging substantially in that language that "Of course, it must be that under our State law, anyone who is convicted of the offense of receiving stolen property would receive the punishment of a misdemeanor." It is

contended that this charge was misleading and confusing to the jury in that it led them to believe that by a verdict of guilty the defendant would be subjected to the same punishment as would have been imposed upon the principal thief. This charge was not subject to this criticism.

4. In Case No. 37359 the first special ground of the motion for a new trial was on the ground of newly discovered evidence under the provisions of Code §§ 70-204 and 70-205. The affidavit in support of the witness who it was alleged would testify as to such new evidence merely averred that the said witness was considered a man of high character and that his honesty and integrity had never been questioned, but it wholly failed to meet the requirements of the Code that it give the names of the associates of such witness. This is a necessary requirement in order to enable the prosecution to make a counter-showing as to the witness and, where, as in this case, the affidavit did not comply with this requirement of the Code, the trial judge did not abuse his discretion in refusing to grant a new trial on this ground. *Christie* v. *State,* 55 *Ga. App.* 155, 156 (189 S. E. 378).

Furthermore, it appears from this ground of the motion for a new trial that the evidence which is alleged to have been newly discovered was merely impeaching in its character and under repeated decisions of the Supreme Court and of this court, such evidence is not a ground for a new trial. See the many cases cited under the catchword "Impeaching". Code (Ann.) § 70-204.

5. Special ground 2 of the motion for a new trial in case No. 37359 seeks a new trial on the ground of newly discovered documentary evidence in the form of a check "bearing date of February 7, 1958, and having the endorsement thereon of C. W. Kenmore, principal thief," a photostatic copy of which was alleged to have been attached as an exhibit to the motion. In the record sent to this court, however, no photostatic copy or other copy of any check is attached as an exhibit to the motion for a new trial. It is not alleged in this ground of the motion for a new trial what connection the movant contends there was between this check and the transaction for which he was convicted or how it constitutes material evidence throwing light on

his guilt or innocence. In these circumstances, the trial court did not err in overruling this ground of the motion for a new trial.

6. The first special ground of the motion for a new trial in Case No. 37360 complains of the following portion of the charge: "Now I want to charge you gentlemen further. There are certain elements the State must prove to your satisfaction beyond a reasonable doubt before the State's case would be made in such a case as this. One of the elements is that the defendant bought or received the goods. Of course, there is no contention in this case with reference to that accusation or contention of the State." It is the contention of the plaintiff in error as to this ground that in the use of the phrase, *"bought* or received," the court stated an incorrect principle of law in that the proper wording should be that, "One of the elements is that the defendant received the goods." This portion of the charge was not erroneous. The defendant did, in fact, in his statement admit that he had purchased the shirts involved from the principal defendant. That the defendant bought or purchased the shirts was just one of the ways in which he might have "received" the stolen goods. The use by the court of the word "bought" under the facts of this case cannot be said to have been harmful to the defendant. There having been no issue made by the evidence in the case as to this point, there was no error committed by the court in so charging the jury. *Belton* v. *State,* 21 *Ga. App.* 792, 794 (95 S. E. 299).

7. Special ground 2 of the motion in this case (37360) assigns error on a portion of the charge because it instructed the jury that the defendant admitted that he bought the shirts. An examination of the record and the statement of the defendant in the brief of evidence discloses that the defendant did in fact in his statement admit that he had bought the shirts in question, and the only question for the jury's consideration was in reality whether or not the defendant bought them with knowledge that they were stolen property. These being the facts, this portion of the charge was not error for the reason assigned. See *Johnson* v. *State,* 30 *Ga.* 426, 431.

The trial court did not err in denying the motions for a new trial on each and every ground thereof.

*Judgments affirmed. Gardner, P. J., and Townsend, J., concur.*