## 39766.   GREEN et al. v. MORGAN.

DECIDED OCTOBER 31, 1962—REHEARING DENIED
NOVEMBER 16, 1962—JUDGMENT ADHERED TO
ON REHEARING DECEMBER 17, 1962.

Nall, Miller, Cadenhead & Dennis, James W. Dorsey, for plaintiff in error.

E. T. Hendon, Jr., Reuben Garland, G. Seals Aiken, contra.

FELTON, Chief Judge. The plaintiff knew of the materiality of the testimony of Miss Human. It follows that the sole inquiry to be made is the amount of diligence exercised by the plaintiff before trial to locate Miss Human and have her testify for the trial either in person or by depositions or interrogatory. In the special ground of the motion for a new trial it is alleged: "(f) Each of the affidavits of movant and her counsel are hereto attached and made a part of this ground, and marked 'Exhibit E', and shows that neither they nor any of them could have discovered the newly discovered evidence before the rendition of the verdict by the exercise of ordinary care by them, respectively; and facts are set out in said affidavits, respectively, of movant and her counsel, to show what diligence they exercised to ascertain the said evidence before the rendition of the verdict." The affidavit of the plaintiff and her counsel as to diligence is as follows: "Georgia, DeKalb County — Personally appeared Mrs. Ralph Morgan, the applicant for a new trial in the above-styled case, and E. T. Hendon, Jr., her counsel, and also Lucio L. Russo and Charlie Franco, formerly her counsel, each of whom on oath says that he did not know of the evidence set out in the 4th ground of the motion for a new trial herewith filed before the trial and before the verdict in the above-styled case, that the same could not have been discovered by the exercise of ordinary diligence, and that affiants made the following efforts before the trial of said case to discover all of the evidence in said case, to wit: Movant went to the residence address as shown on the police accident report to see Miss Geraldine Human, witness furnishing newly discovered evidence, and found that the witness had moved and left no forwarding address. The history files of the Georgia Power Company were checked by counsel to see if witness was receiving service and if so, what address; the license tag bureau of the Georgia Department of Revenue was checked to see if witness had a car regis-

tered to her and if so, what address; the Southern Bell Telephone and Telegraph Company was called to see if telephone service was being rendered to witness; the telephone directory was checked and people by the name of Human who were listed were called to see if they knew the witness, Geraldine Human, with the result that the brother of the witness, J. C. Human, Jr., and the stepmother of the witness, Mrs. J. C. Human, Sr., were located; but neither of these persons could furnish counsel with the address or whereabouts of the witness. Counsel for movant even inquired of counsel for the defendants if they had located the witness and was informed that the defendants had not been able either to locate the witness. None of the foregoing efforts produced any lead as to the whereabouts of the witness, Geraldine Human. . ." As a counter-showing to the special ground of the amended motion, the defendants presented a deposition of Miss Human who testified in substance as follows: That her family in Atlanta knew of her intention to move to Florida and that she would be in touch with her brother there; that after her removal to Florida she was in touch with her stepmother, Mrs. J. C. Human, and with her sister, Mrs. Walter Crowe, and that her mother had visited her in Florida; that after her removal she had occasion to talk to her previous employer, the communication being by telephone from him to her in 1958; that for the first four or five months of her residence in Miami, Florida, she had an apartment on 27th Lane, but that she was immediately in touch with her brother who lived in Miami and that she subsequently moved into his house and lived with him for a period of time. Miss Human also testified by deposition that she did not leave a forwarding address when she moved from 3155 Roswell Road to Miami; that she did not advise her stepmother how to locate her down there; that she did not advise anybody that she knew, close relatives or friends in Atlanta, of her whereabouts in Miami; that she was living in hotels; that she could not get an apartment; that she moved to quite a few different addresses; that she was not acquainted with the plaintiff; that plaintiff finally succeeded in locating her after the trial through the Motor Vehicle Office in Tallahassee; and that was the first time she had seen the plaintiff since the accident.

We think the court erred in granting a new trial on special ground 4 relating to the newly discovered evidence of Miss Human. The trial was had about 3½ years after the accident. The affidavit of the plaintiff and her counsel does not show at what time or times investigations were made to determine the whereabouts of Miss Human and it does not show that the successful effort put forth to discover Miss Human's whereabouts could not, in the exercise of ordinary care, have been made before the trial of the case. The affidavit itself does not show facts from which the court could determine that the plaintiff and her counsel exercised ordinary care to discover Miss Human's whereabouts before the trial and the statement of the conclusion in the amended motion that ordinary care was exercised does not meet the requirements of the law. The affidavit must show that there was no lack of diligence in discovering the new evidence and a statement that due diligence was exercised must be supported by the facts on which it is based. The decisions on this subject are legion. We cite a few: *Lakes v. Lakes,* 171 Ga. 692 (156 SE 620) (whereabouts of witness); *Trammell v. Shirley,* 38 Ga. App. 710 (2), 727 (145 SE 486); *Moss v. State,* 44 Ga. App. 244 (161 SE 293); *Evans v. State,* 46 Ga. App. 342 (167 SE 724); *Kimsey v. Rogers,* 172 Ga. 175 (157 SE 462); *Redding v. State,* 183 Ga. 704 (189 SE 514); *Johnson v. State,* 196 Ga. 806 (27 SE2d 749).

Most, if not all, of the above cases involved the overruling of motions for new trial based on newly discovered evidence, but the same principle applies to the grant of a new trial when no legal showing is made. The discretion of the trial judge in such cases is a legal discretion and not one which can be based on whim or conjecture. If the grant of a new trial must be approved on such a showing as appears in this case and the precedent was followed, we do not see how any grant of an amended motion on the ground of newly discovered evidence could be reversed in the future.

The court erred in granting a new trial on the ground of newly discovered evidence.

*Judgment reversed. Bell and Hall, JJ., concur.*