Rives v. Thompson

John C. Wells, by S. Wise Parker, for plaintiff in error.
H. Fielder, for defendant.

---

ROBERT RIVES, plaintiff in error, v. JAMES D. THOMPSON, defendant in error.

(Atlanta, June Term, 1870.)

FRAUDULENT ALTERATION OF DEED—MAY BE SHOWN AT LAW—EJECTMENT.—The fraudulent alteration of a deed by the grantee which voids it, may, in an action of ejectment, be shown at law without going into a Court of Equity.

SAME—DEED DRAWN FROM DEFENDANT BY NOTICE—EVIDENCE TO SHOW ALTERATION.—When the deed is drawn

from the defendant by notice, and the plaintiff introduces it in evidence, he may show that it has been fraudulently altered by the defendant, the grantee, when he seeks to recover on a breach of a condition subsequent. The deed in such case is a necessary link in his title, and the plaintiff may show that it has been altered by the defendant.

Ejectment. Conveyances. Before Judge Harrell. Randolph Superior Court. May Term, 1870.

Rives brought ejectment against Thompson for two acres of land. The possession by Thompson, that he went in under purchase from Rives were shown, and it also appeared that Thompson had often sold spirituous liquors on said land. Plaintiff's counsel had served on Thompson notice to produce Rives' deed under which he held. It was produced and read in evidence by plaintiff's attorney. It was in the usual form, except that to the habendum and tenendum clause, after the words "to his and their proper use," and as a full conclusion of the sentence were added these words: "Upon the express terms that if the said James D. Thompson, his heirs and assigns, shall at any time, sell or allow to be sold, any intoxicating liquors on said lot, that this conveyance to be valid and the lot not returned to its original owner." Plaintiff's counsel then proved that the deed when signed and delivered was exactly as the deed read in evidence, except *that said "valid" was "void," and said "not" was not in it, and that Thompson knew it, etc., and closed his case. Defendant's counsel moved to rule out this evidence of alteration. on the grounds that plaintiff could not attack the deed after he had read it in evidence, and could not thus attack it in a Court of law. The Court rejected this evidence and granted a non-suit. The rejection of said evidence is assigned as error.

West Haines, H. Fielder, for plaintiff in error.
L. Christian, and B. S. Worrell, for defendant.

By the Court—BROWN, C. J., delivering the opinion.

The plaintiff in this case had sold the land to the defendant. And he claims that the deed contained a provision that it was to become void, and the land to be returned to the original owner, if the grantee should either sell or allow others to sell, any intoxicating liquors on said lot. And this action was instituted to recover back the land on the breach of the condition subsequent above named. Notice was served by the plaintiff upon the defendant, requiring him to produce on the trial, the original deed. When produced, plaintiff introduced it in evidence, and claimed that it had been fraudulently altered by the defendant, so as to make it read, that in case of such sale of spirituous liquors by the grantee, the conveyance shall be valid and the lot not returned to the original owner. Plaintiff also introduced evidence of the

truth of his allegation, that the deed had been fraudulently altered. A motion was then made by counsel for the defendant, to rule out this evidence, on the ground that plaintiff having introduced the deed in evidence can not attack it, and on the further ground that plaintiff could not, in this manner, attack the deed in a Court of law. The Court sustained the motion, and ruled out the evidence going to show the fraudulent alteration of the deed, by the defendant, and this is assigned as error. We think the Court erred on both grounds.

*The action was predicated on an alleged breach of the condition subsequent in the deed. The deed was an important link in plaintiff's title, and it was necessary for him to introduce it to show the condition subsequent, upon which the action was founded. It was the evidence of the contract between the parties, and we think it was the right of the plaintiff to put it in evidence, and then to show, if he could, that while in the hands of the defendant, it had been fraudulently altered by him with a view to defeat plaintiff's right. The general rule that a party will not be heard to impeach his own witness, does not apply in this case, any more than it would apply in an action of debt, where the plaintiff sues on a promissory note, and on the trial, after the introduction of the note, produces evidence to show that it was made by the defendant as it is declared upon, but has since fallen into his possession, and been fraudulently altered by him so as to lessen his liability. In that case as in this, the plaintiff must introduce the instrument, as the foundation of his action. But he is not on that account deprived of the right to show the fraudulent alteration made to his injury, by the other party.

We see no reason why the plaintiff should be driven into a Court of Equity to establish the fraudulent alteration of this deed, when he is prepared to establish the fact by proof in the Court of law, where the action is pending. The Court of law has concurrent jurisdiction with the Court of Equity in granting relief in cases of fraud, and we know of no rule requiring the party to go into equity when he can establish his right at law. This was not a proceeding to reform a written contract, so as to make it conform to the intention of the parties. But it was a proceeding to enforce the contract as originally agreed upon, and reduced to writing by the parties.

If the plaintiff had filed his bill for discovery, and had alleged the fraudulent alteration of the deed by the defendant, the Court of Equity would have had no power to compel a discovery.

A defendant can not be compelled to discover what will *subject him to a criminal prosecution, or to a penalty, or forfeiture. The alteration, if made by defendant, as charged, would subject him to a criminal prosecution: Story's Eq. Pl., sec. 576; Powell on Ev., side pages, 31, 32.

If this deed hàd been fraudulently altered by the defendant, that act, at the option of the plaintiff, rendered the whole instrument void, and the defendant lost all right he may have had under it: See Code, section 2801.

Judgment reversed.