JESSE MALLORY, plaintiff in error, vs. THE STATE OF GEORGIA, defendant in error.

56  545
f127  416

(BLECKLEY, Judge, was providentially prevented from presiding in this case.)

1. The facts that a window was closed at bed-time at night and found raised and open the next morning at sunrise, and that a trunk was found in the garden broken open, and that gold and silver locked up in the trunk were found on the person of defendant, and that defendant voluntarily confessed that he got the money out of the house Sunday night, and took the trunk out of the house Sunday night, and had some matches and broke the trunk open, are sufficient to authorize a conviction for burglary at night.

2. This court will not control the discretion of the court below in refusing a new trial on the ground of newly discovered testimony, unless it be such testimony as would very probably, if not certainly, change the verdict.

3. Burglary at night is punishable in the discretion of the court, not less than five nor more than twenty years in the penitentiary, and a sentence of ten years, where a house was robbed of a trunk at night by the thief hoisting and entering a window and breaking open the trunk and stealing money therefrom, is not such "cruel, unusual and excessive punishment" as to require this court to interfere. Punishment for crime is, and ought to be, largely in the discretion of the circuit courts.

Criminal law. Burglary. New trial. Before Judge WRIGHT. Dougherty Superior Court. October Term, 1875.

Reported in the opinion.

D. H. POPE; L. P. D. WARREN; W. A. HAWKINS, for plaintiff in error.

B. B. BOWER, solicitor general, for the state.

JACKSON, Judge.

1. The defendant was indicted, and found guilty of burglary at night, in breaking and entering a dwelling house in the city of Albany, with intent to steal a trunk with money therein, from the house; he was found guilty, sentenced to ten years in the penitentiary, and moved for a new trial on the ground that the verdict was contrary to the evidence and the law; that he had discovered new evidence since the trial, and that the punishment was cruel, unusual and excessive. The court overruled the motion, and error is assigned on these three grounds.

The facts are that a window in the room where one of the inmates of the house slept, was down at night when she retired to bed, and was found up in the morning early, and that a trunk in the room where she slept was found in the garden, broken open, and some $8 00 or $10 00 in gold and silver coin taken therefrom.

This money was found on the person of the defendant at Smithville, and he voluntarily confessed that he took the trunk out of the house Sunday night and broke it open, and got the money out of it.   The facts that the money was found in his possession, the trunk broken open in the garden, the window raised, and his voluntary confession that he took it out, broke it open, and stole the money, are ample, we think, to justify the jury in finding the verdict of guilty.

The newly discovered evidence was to the effect that defendant was seen in the house before the family retired, and was seen coming from the garden with an axe which he threw down in the yard, and the trunk appeared to have been broken open with an axe.   The theory is, that he entered the house without breaking into it, or raising the window from the outside, and then took the trunk out, or then raised the window so as to take it out; and that on this theory he was guilty of larceny from the house, and not of burglary.   If the newly discovered evidence had all been in on the trial we do not think it would necessarily, or even very probably, have changed the verdict. The judge who tried the case thought that it would not, and we will not control his discretion and overrule his judgment thereon.   The defendant might have been in the house looking about to see where the trunk was, and afterwards have entered through the window after raising it, and then taken the trunk therefrom; and this was undoubtedly so, if the window was down when the occupant of the room put out the light and went to bed, and if the trunk was then in the room, as the testimony shows.

3. The punishment prescribed by law for burglary in the night time is not less than five nor more than twenty years' confinement in the penitentiary, at the discretion of the court.   The

judge sentenced the defendant for ten years. We do not think this cruel, excessive or unusual. Something was said in argument about the youth of the defendant, but his age does not appear in the record; he was old enough to enter a house when everybody was asleep, and steal a trunk, with money in it, therefrom. The *quantum* of punishment within the statute is a question peculiarly within the province of the judge who tries the case, and it should not be interfered with unless very grossly abused.

Judgment affirmed.