## BEDGOOD–HOWELL COMPANY *v.* MOORE.

FISH, P. J. 1. "If a written contract be altered intentionally, and in a material part thereof, by a person claiming a benefit under it, with intent to defraud the other party, such alteration voids the whole contract, at the option of the other party." Civil Code, § 3702.

2. An intentional and fraudulent insertion of additional property in a chattel mortgage by the mortgagee renders the instrument void. Bower *v.* Cole, 74 Tex. 222; Hollingsworth *v.* Holbrook, 80 Iowa, 151.

3. "The materiality of an alteration is a question of law; the fact of an alteration is a question for the jury." Civil Code, § 3703. That the court, in one portion of its charge, leaves the materiality of an alleged alteration to the jury, is not cause for a new trial, when the alteration, if made, was unquestionably material, and the jury found that it was made.

4. Refusal of an oral request to charge is not cause for a new trial.

5. The verdict was authorized by the evidence.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent*

Argued May 23, — Decided June 15, 1905.

Illegality. Before Judge Mitchell. Thomas superior court. January 11, 1905.

*J. D. McKenzie, Roddenbery & Luke,* and *Shipp & Kline,* for plaintiff in error. *W. H. Hammond,* contra.