### 3222.  SAYLORS v. THE STATE.

1. Where, from the affidavits submitted in connection with a motion for a new trial, based on newly discovered evidence, it appears that the testimony relates to material facts which, upon another investigation, would likely produce a different result, and could not, by the exercise of ordinary diligence, have been obtained at the trial, a new trial should be granted. This is true even though it be impeaching in its character, if it tends to establish a new and independent fact indicating the defendant's innocence.

2. Cumulative evidence is "additional evidence offered to establish a fact to which witnesses have already testified. It does not necessarily in-

clude all evidence which tends to establish the same ultimate or principally controverted fact."

3. In the present case the defendant, who was charged with the offense of selling intoxicating liquor, did not know that the State would introduce a certain witness, who testified that the defendant sold the liquor to a named person on a railroad "work train," at a certain time and place; the name of the witness not being upon the indictment, and the witness not having been sworn before the grand jury; and while the defendant might, in the exercise of ordinary diligence, have established an alibi for himself at the trial, as he sought to do by the newly discovered testimony, yet, unless he could have foreseen what this witness would testify, it would not have been possible for him to disprove at the trial, as he further sought to do by the newly discovered evidence, the statement of the witness as to the presence of the alleged purchaser.

DECIDED APRIL 11, 1911.

Indictment for sale of liquor; from Whitfield superior court—Judge Fite. January 5, 1911.

*Maddox, McCamy & Shumate,* for plaintiff in error.

*T. C. Milner, solicitor-general, George W. Stevens,* contra.

RUSSELL, J.   The defendant was convicted of the offense of selling intoxicating liquors. He perhaps furnishes in his own person an illustration of the old adage that "he who pleads his own case has a fool for a client," for he appeared without counsel and was convicted. He excepts to the judgment overruling his motion for new trial. The motion for new trial is based upon the general grounds, and also upon the ground of newly discovered evidence.

The evidence upon the trial amply authorized the verdict finding the defendant guilty. We think, however, that the court erred in refusing a new trial upon the ground which is based upon newly discovered evidence. A witness named Prothroe, a boy about 15 years old, testified that he purchased on the top of the tunnel at Tunnel Hill a quart of whisky from the defendant, and a witness named Shields testified that he saw the defendant on two occasions sell whisky to the cook of Mr. Patterson's road-gang on the work-train of the Western & Atlantic Railroad at or near Tunnel Hill, about the 12th of April. This witness testified also that on the day in question he saw the Prothroe boy with the defendant, and, while he did not see the sale, he saw the boy with whisky after he had been with the defendant.

There were two counts in the indictment—one for furnishing liquor to a minor, and the other for selling intoxicating liquors. From the verdict it is very apparent that the jury did not believe

the testimony of the minor, and that they did believe the testimony of the witness Shields; for the jury found the defendant not guilty of furnishing liquor to a minor, and found him guilty of selling whisky. Perhaps one reason for the verdict may be found in the fact that the Prothroe boy testified he did not know the seller at the time of his purchase, but that he looked like the defendant, and he heard others call him Bob Saylors.

In support of the ground based upon newly discovered testimony, the defendant introduced the affidavits of Mr. Patterson, who testified that Saylors was in the employ of the Southern Railway Company at Varnell station every day from April 5 to April 30. Another witness testified that he was engaged at work with the defendant, and that it was impossible for him to have gone from Varnell to Tunnel Hill at any time after April 1 without his knowledge, and that to the best of his knowledge and belief he did not leave Varnell, except on the 26th of April, when he went with the deponent to Dalton. The cook whom Shields testified he saw purchase from the defendant made an affidavit that he had never seen the defendant in his life until the day before the hearing of the motion at Dalton, and that he never had purchased any intoxicating liquor from him. It was also shown that the camp car of the Western & Atlantic Railroad Company was not at Tunnel Hill at the time testified to by Shields. Each of the witnesses was properly vouched for as being worthy of belief, and the showing was accompanied by the required affidavit of the defendant and of his counsel.

It is true that the testimony of these witnesses is to some extent cumulative of the defendant's statement, and is in a sense impeaching in its character; but upon another trial the newly discovered testimony would probably produce a different result. The only question, therefore, to be determined, under the rulings in *Dale* v. *State,* 88 *Ga.* 552 (15 S. E. 287), and *Fellows* v. *State,* 114 *Ga.* 233 (39 S. E. 885), is whether the showing as to the exercise of ordinary diligence was sufficient, and whether any of the testimony, even though in a sense cumulative, does not tend to establish facts to which no witness testified on the former investigation. As was said by Judge Simmons in the *Dale* case, "Cumulative evidence is defined to be 'additional evidence offered to establish a fact to which witnesses have already testified.' It does not necessarily

include all evidence which tends to establish the same ultimate or principally controverted fact."

In the present case it must be remembered that it appears from the motion for new trial that the name of the witness Shields was not upon the indictment, and that he was not sworn as a witness before the grand jury; and while the defendant might have introduced testimony to the effect that he himself was not at Tunnel Hill after Shields testified he was, and for that reason might have asked the court to continue the case for the purpose of permitting him to make such proof, still, unless he was a seer, he could not have known, or been able to state to the court that he could show that the work train on the Western & Atlantic Railroad was not at Tunnel Hill at the time in April at which, it was alleged, he sold the intoxicating liquor on the train, and, indeed, was not at Tunnel Hill during the entire month of April, as is now sworn by the witnesses upon the motion for new trial. This phase of the case presents distinct facts as to which there was no evidence on the former trial, and therefore this testimony can not be adjudged to be merely cumulative or impeaching. We are therefore of the opinion that the court erred in refusing a new trial.     *Judgment reversed.*