6908. MOSLEY *v.* THE STATE.

RUSSELL, C. J. When evidence of a new and independent fact, indicating the innocence of one convicted of crime, which could not have been obtained at the trial by the exercise of ordinary diligence and which probably would produce a different result, is introduced in support of a ground of a motion for new trial based thereon, a new trial should be granted, even though the newly discovered testimony be in a sense impeaching and cumulative. *Saylors* v. *State,* 9 *Ga. App.* 227 (70 S. E. 975). However, in the case sub judice, where the testimony alleged to have been discovered after the trial consisted of nothing more than an effort to show the improbability of the State's witnesses having had an opportunity to purchase the intoxicating liquor in question without the knowledge of the affiants, and to thus impeach the previous testimony of the witnesses for the State, it was not error to refuse a new trial, especially in view of the fact that the alleged newly discovered testimony was merely cumulative of similar impeaching testimony which had been offered at the trial. *Judgment affirmed.*

DECIDED MARCH 24, 1916.

Indictment for misdemeanor; from Thomas superior court—Judge Thomas. August 7, 1915.

*Fondren Mitchell, Lebbeus Dekle,* for plaintiff in error.

*J. A. Wilkes, solicitor-general,* contra.

---

6946. MOSELEY *v.* THE STATE.

There was sufficient evidence to support the verdict, and there is no substantial merit in any of the assignments of error.

DECIDED MARCH 24, 1916.

Accusation of sale of liquor; from city court of Americus—Judge Harper. August 26, 1915.

*Wallis & Fort,* for plaintiff in error.

*J. R. Williams, solicitor-general,* contra.

RUSSELL, C. J. It is the opinion of the majority of the court that there is no substantial merit in any of the special assignments of error, that the evidence was sufficient to support the verdict returned, and that therefore the trial judge did not err in overruling the motion for a new trial. For myself, I think some rulings of the court of which complaint is made excluded testimony which the jury should have been allowed to consider in passing upon the credibility of the witnesses for the prosecution, and thus deprived the accused of a substantial right and entitled him to another trial. *Judgment affirmed. Russell, C. J., dissents.*