## McKINNON v. HENDERSON, administrator.

1. The contentions of the parties were not inaccurately stated, and none of the assignments of error require a new trial.
2. A contract may be set aside in equity where great inadequacy of consideration is joined with great disparity of mental ability in contracting a bargain; and the principle is applicable whether the consideration be the payment of a sum of money or the rendition of service.
3. Newly discovered evidence of the same kind as that which was used on the trial, and going to the same point, is cumulative, and will not require the grant of a new trial.

JUNE 16, 1916.

Equitable petition. Before Judge George. Irwin superior court. June 30, 1915.

*John R. Cooper, O. H. Elkins, H. E. Oxford,* and *Philip Newbern,* for plaintiff in error. *J. W. Haygood, Eldridge Cutts, H. J. Quincey,* and *M. D. Dickerson,* contra.

EVANS, P. J. The plaintiff was an illiterate, unmarried negro man, more than seventy years of age, and the owner of 370 acres of land of the alleged value of $10,000. He filed a petition against the defendant to cancel a contract which had recently been recorded, by the terms of which it is purported that he agreed to sell to the defendant 100 acres of the land at $20 per acre, to be paid for in annual installments of $100 without interest, and to give and transfer at his death the balance of the land to the defendant in consideration that the latter would care for and support him as one of his own family during life or so long as he remained with the defendant. There was a stipulation in the recorded instrument that the defendant could use and sell the timber on the 270 acres, and credit the proceeds on the purchase-price of the 100 acres. The plaintiff denied that he signed such a contract. He alleged, that the defendant was employed by him to grow a crop on the land in consideration that he was to receive a part of the crop raised; and that he was aroused from sleep on one occasion by the defendant, who presented him a paper for his signature, representing that it was the usual cropper contract, or some paper that it was necessary for him as landlord to sign, and requested him to sign it. This he did by making his mark. If the paper sought to be canceled was signed by him, it was procured by fraud. If it should turn out to be a different paper, then his signature was forged. The plaintiff died before the trial of the

case, and his administrator was made a party; and an amendment was allowed, alleging that his intestate was an imbecile and did not possess contractual capacity, and that the defendant took advantage of the mental and physical weakness of his intestate, and procured the instrument by fraud in the manner alleged. The trial resulted in a verdict for the plaintiff.

1. Complaint is made in the motion for new trial that the contentions of the parties were inaccurately stated by the court in his instructions; but these criticisms are without merit. Certain instructions are also criticised; but in the light of the judge's note these attacks are not such as will require a new trial, and we will only notice one of them.

2. The court instructed the jury that great inadequacy of consideration, joined with great disparity of mental ability in contracting a bargain, may justify a court of equity in setting aside a sale or contract of sale. See Code of 1910, § 4630. It is contended that the pleadings and evidence did not authorize the instruction, and that the principle of law therein enunciated is not applicable where a part of the consideration of the contract was for services to be rendered to the original plaintiff in taking care of him during his life. The charge is not subject to any of these attacks. It would be an anomaly to set aside a contract in cases where imbecility of mind and inadequacy of price unite, where the price is payable in money, and uphold the same transaction where the price is payable in specific services. The value of the services contracted to be rendered may be estimated in money, for comparison with the value of the land at the time of the contract.

3. The court is asked to set aside the verdict because of newly discovered evidence, it appearing that a witness would testify that in a conversation the plaintiff's intestate said that he had let the defendant have all of his land to take care of him as long as he lived. Two or three of the defendant's witnesses testified to the same effect at the trial. A principal contention of the plaintiff at the trial was that such a contract, if made, should be set aside on account of the great inadequacy of consideration and the great disparity in mental ability of the parties to the alleged contract. The evidence strongly preponderated with the plaintiff on this issue. The alleged newly discovered evidence is purely cumulative.

*Brinson* v. *Faircloth, 82 Ga.* 185 (7 S. E. 923). We do not think a different result would be reached if a new trial should be granted on this account. *Judgment affirmed. All the Justices concur.*