8233. VAUGHN *et al.* v. FARMERS AND MERCHANTS BANK.

JENKINS, J. 1. A demurrer should be determined before the case is submitted, even though the demurrant and his counsel be absent without leave. *Anderson* v. *Fulton County Home Builders*, 147 *Ga.* 104 (92 S. E. 934). The record in the present case, however, in no wise discloses that a demurrer was filed by the defendant, or that exception was taken on such ground, and therefore direction can not be given to the case on the principle of law above stated.

2. Where a plea of non est factum has been filed to a suit on a note, the instrument sued on can not be admitted in evidence until proof of its execution has been made. The plea filed in the present case, which alleges that the indorsement was not made in the words appearing in

the indorsement on the note, and that the same was materially altered, but which fails to allege in what form the indorsement was made or what the alteration consisted of, and fails to show that the alteration was intentional and made with intent to defraud, by one claiming under the note, does not amount to a plea of non est factum, so as to require proof of the execution of the note. *Jewell* v. *Walker*, 109 *Ga.* 241, 245 (34 S. E. 337); Civil Code of 1910, § 4296; *Burch* v. *Pope*, 114 *Ga.* 334 (40 S. E. 227); *Shirley* v. *Swafford*, 119 *Ga.* 43 (45 S. E. 722); *Winkles* v. *Guenther*, 98 *Ga.* 472 (25 S. E. 527); *Bedgood-Howell Co.* v. *Moore*, 123 *Ga.* 336 (51 S. E. 420).

3. A verdict was rendered for the plaintiff, on direction of the court, on Thursday, January 13, 1916, of Twiggs superior court, in the absence of the sole counsel for defendant. The record does not disclose whether the defendant was present or not. Exceptions pendente lite were taken to the action of the court in ruling the case for trial under the following facts: Leave of absence had been granted to counsel for defendant to attend the city court of Eastman, and the leave of absence was to extend until Wednesday night, and longer if he should notify the court of his inability to return to said trial court. He did mail a letter to the trial judge as to his inability to get to said trial court in time for the trial of the case, but the notice did not reach the judge until after a verdict and a judgment had been rendered in the case. It does not appear from the record that there was a motion to vacate the judgment and reinstate the case. *Held:* No error was committed by the trial judge in ruling the case for trial at the time it was reached upon the docket; and this court is unable, under the exceptions taken, to rule as to whether the judgment should have been vacated and the case reinstated on a proper showing upon a motion made for that purpose. *Sparks* v. *Ober & Sons Co.*, 138 *Ga.* 316 (75 S. E. 135).

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*

DECIDED AUGUST 3, 1917.

Complaint; from Twiggs superior court—Judge Kent. January 24, 1916.

*Hal B. Wimberly,* for plaintiffs in error. *L. D. Moore,* contra.