HARWOOD HULL, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, Respondent.

No. 758.    Argued March 30, 1931.—Decided April 22, 1931.

*J. Henri Brown, C. Ruiz Nazario,* and *G. E. González* for petitioner. *Hartzell, Kelly & Hartzell* and *F. Ramírez de Arellano* for plaintiff in the main action.

MR. JUSTICE ALDREY delivered the opinion of the Court.

American Colonial Bank and Trust Company of Porto Rico, a corporation, in its capacity as administrator of the Catholic Church in Puerto Rico, on February 17, 1931,

brought an action of unlawful detainer against Hardwood Hull for nonpayment of several instalments of rent in the amount of $1,866.66, at the agreed rate of $125 monthly, on the lower story of a certain house located in this city. The defendant interposed a demurrer to the complaint, and filed an answer denying its allegations. The demurrer was overruled on the ground that the defendant had not appeared in court to support it; and, after a trial, judgment was rendered for the plaintiff and the defendant was ordered to vacate the house. Thereupon the defendant filed a petition for certiorari in this court, and the writ having been issued the original record of the case is now before us and we have heard the parties thereto.

Two errors of procedure are set up in the petition for certiorari, and the first of these is predicated on the overruling by the court of the demurrer for failure of the defendant to make an appearance in support thereof.

According to sections 196 and 198 of the Code of Civil Procedure, a demurrer to the complaint raises an issue of law which must be tried by the court, unless it is referred upon consent; and section 199 provides that issues of law must be disposed of before issues of fact are decided. Under these provisions, therefore, a demurrer must be decided by the court and should not be overruled on the ground that the party interposing the same has not appeared to support it. In *Anderson* v. *Fulton County Home Builders*, 92 S. E. 934; *Vaughan* v. *Farmers' & Merchants' Bank*, 93 S. E. 228, and *Porter* v. *Parker*, 126 S. E. 381, all decided by the Supreme Court of Georgia, it has been held that a demurrer must be disposed of although the demurrant or his counsel should fail to appear in court. In the first of those cases it was said: "The failure of the defendant to appear would not authorize the dismissal of a demurrer. . . ." To overrule a demurrer for failure of the party to appear in support thereof is tantamount to its dismissal without considering it. However, the error of the lower court on this point is not

of such a character as would warrant the setting aside of the trial that was held, since the same questions presented by the demurrer may be discussed in the appeal from the judgment. In the last two of the cited cases it was also said that the error complained of was not such as required a new trial; and in *Manrique* v. *Diez*, 22 P.R.R. 167, we have declared that a mere informality would not give a right to invoke the remedy of certiorari. Consequently, the writ of certiorari herein can not be sustained on that ground.

It is also alleged in the petition herein that the defendant set up in the lower court as a ground for demurrer the failure to state in the complaint facts sufficient to constitute a cause of action, and that the complaint can not be amended because the American Colonial Bank and Trust Company of Porto Rico is not the real party in interest in accordance with the doctrine laid down in *J. Ochoa & Bro.* v. *José González Clemente & Co.*, 29 P.R.R. 948; and that the overruling of such objection violates section 51 of the Code of Civil Procedure, providing that every action must be exercised in the name of the real party in interest, and constitutes the other error of procedure urged.

What is sought by the foregoing ground of the petition is that we review the ruling on the said demurrer within the special proceeding in certiorari.

In *Rodríguez* v. *Sepúlveda*, 19 P.R.R. 1107, we have said that the overruling or sustaining of a demurrer can not be pleaded as an error of procedure in a petition for a writ of certiorari; and in *Succession of Rodríguez* v. *Alfaro*, 22 P.R.R. 169, we held that certiorari is not the proper proceeding for determining whether a complaint is sufficient to support a judgment for the plaintiff and for setting aside the said judgment on the ground of the insufficiency of that pleading, unless a question of jurisdiction should be involved; and that the sufficiency or insufficiency of the complaint to support a judgment for plaintiff is a question reviewable by appeal and not by certiorari.

In this case the objection relating to plaintiff's capacity to institute the action of unlawful detainer does not attack the jurisdiction of the lower court, which was competent to take cognizance of the present action, since the lease rentals computed on an annual basis exceeded the sum of $1,000 and the property, the object of the suit, is located within the territorial jurisdiction of that court.

Also, we have declared in *Sánchez* v. *Cuevas Zequeira,* 23 P.R.R. 47, 51, that it has been held repeatedly by the courts in the continental United States and by this Court that as certiorari is an extraordinary remedy, it does not lie when there is another adequate, speedy, and efficient remedy in the ordinary course of law. In the instant case an appeal from the judgment of dispossession entered was available and such remedy is an adequate, speedy, and efficient one, since it may be brought in the short period of five days and the question raised by the certiorari herein in connection with the overruling of the demurrer might have been submitted and determined within such appeal; and the fact that it is provided by section 12 of the Unlawful Detainer Act that whenever the action of unlawful detainer is founded upon the nonpayment of the amounts agreed upon, the defendant shall be denied the right of appeal unless he deposits in the office of the clerk of the court the amount due as the price up to the date of the judgment, is not a valid reason for substituting the extraordinary remedy of certiorari for the ordinary remedy of appeal, even though the plaintiff may withdraw the amount so deposited. The issuance of writs of certiorari by this Court should not prevail over the remedy by appeal granted by law, unless there is involved a grave error of procedure, which does not exist here.

Notwithstanding the foregoing, inasmuch as the statutory period for taking an appeal from the judgment is five days and the original record of the proceedings in the lower court was forwarded to us on the last day available for taking the appeal, and also in view of the fact that the defendant may

have concluded that, since a preliminary writ was issued by this Court, the certiorari herein would be finally granted, and as we may exercise discretion in this kind of proceedings, we think that we have power, in the furtherance of justice, to examine the record sent up by the lower court with a view to determining whether the error complained of exists, or whether it has been cured, if present.

At the trial it was shown that the plaintiff is a corporation organized under the laws of this Island; that the Roman Catholic Apostolic Church in Puerto Rico is the record owner of the house which is the object of the dispossession proceedings, located in the city of San Juan; that by public deed executed before a notary the Right Reverend Bishop of the Diocese of San Juan, Puerto Rico, Monsignor Edwin V. Byrne, granted the management of all the real property owned by that Church to the corporation American Colonial Bank and Trust Company of Porto Rico with power, among others, to lease the same, collect all rents thereof, and dispossess for nonpayment of rent or nonperformance of stipulated conditions any tenant, lessee, or occupant. Also a witness, an employee of the plaintiff corporation, testified, according to the opinion filed by the lower court in support of its judgment, that the right-hand portion of the lower story of the said house had been leased to the defendant for a rental of $125 monthly, and that since the middle of November, 1929, the defendant has not paid any rent and is now owing the sum of $1,866.66, and that all efforts made by the witness to collect this sum have been unsuccessful.

According to section 1 of the Unlawful Detainer Act of 1905, the action of unlawful detainer may be commenced by the owners of property, usufructuaries thereof, or by any other person or persons entitled to the enjoyment of such property, or by persons claiming under them. The expression used in the act, "or by any other person or persons entitled to the enjoyment of such property," refers to those persons who, although not owners or usufructuaries, hold

the property involved in any lawful capacity; and hence an administrator to whom the owner or usufructuary of the property has delivered the same for the purpose of management, with power to sue in a dispossession proceeding, has legal capacity to institute such a proceeding in the name of the owner or usufructuary. In Spain, where the law of civil procedure (art. 1562) contains provisions substantially similar to those enacted in our law, in a case where the complaint in an action of unlawful detainer was filed by an administrator of the property and the objection was made that the plaintiff had no capacity to sue, it was held by the Supreme Court, in the judgment No. 48 of September 29, 1890, 68 *Jurisprudencia Civil,* 188, that the administrator had power to institute the action of unlawful detainer. Similarly in another judgment, No. 32 of October 2, 1893, 74 *Jurisprudencia Civil,* 154, in a case where the complaint had been likewise filed by an administrator, that Court declared that it having been shown at the trial, by means of a power of attorney introduced by the plaintiff, that the latter was the administrator of the property belonging to the owner of the house, the object of the proceedings involved, his capacity to sue had been lawfully established. The said Supreme Court has held in other cases that the action of unlawful detainer may be brought by a depositary of a property appointed by the court and duly authorized for the purpose; by a lessee against a sublessee; by a receiver of an attached house against the owner thereof; by the attorney in fact of the president (or any one acting in his stead) of an association of property owners against the tenants of the members of such an association, if authority therefor was granted; and that the manager of a partnership having power to lease the property of such partnership has also capacity to sue in unlawful detainer. 11 *Enciclopedia Jurídica Española,* 394; Manresa, Commentaries on the Spanish Law of Civil Procedure, vol. 6, page 25.

It follows from the foregoing that the corporation Amer-

ican Colonial Bank and Trust Company of Porto Rico has legal capacity to bring the action of unlawful detainer herein as administrator of the property of the Roman Catholic Apostolic Church in Puerto Rico, Diocese of San Juan; and the fact that section 51 of the Code of Civil Procedure of 1904 provides that every action must be prosecuted in the name of the real party in interest, except as otherwise provided in that Code, is no bar in this connection, as the Unlawful Detainer Act is subsequent to the said Code and has modified it in that respect.

The writ of certiorari issued in this case must be discharged.

Mr. Justice Wolf took no part in the decision of this case.

Mr. Justice Hutchison agrees with the result.