### 22637. SCHAEFER *v.* SCHAEFER *et al.*

#### DECIDED MAY 3, 1933.

*C. M. McClure,* for plaintiff in error.
*George L. Goode, Winston Owen,* contra.

JENKINS, P. J. This was a suit by Martha Schaefer and Eleanor Schaefer against their cousin, E. W. Schaefer, on a $1,000 promissory note made payable by him to the plaintiffs. The defendant pleaded that the note had been satisfied in a settlement between him and his father, E. Schaefer, as agent for the plaintiffs. The testimony both for the defendant and the plaintiffs showed an intricate adjustment of affairs between the defendant and his father. The defendant testified that the note sued on was included in the settlement with his father. There was no testimony, however, that at the time of such settlement the father produced the note sued on; the only basis of defendant's contention being that all his transactions were really had with his father, and that the note payable to the plaintiffs represented no independent transaction with them. This was disputed by the testimony of the father, and presented a question for the jury. There was also a sharp conflict as to whether the note sued on was included in the settlement; but there was no proof that the money collected by the alleged agent under the settlement ever reached the owners. Neither was there any proof of authority from the plaintiffs to the alleged agent to make collections or any settlement of the note. The jury found in favor of the

plaintiffs, and the defendant excepts to the overruling of his motion for a new trial, based on the general grounds and upon alleged newly discovered evidence.

■ The evidence at the trial, though in conflict, fully authorized the verdict.

■ The affidavit by counsel, supporting the motion for new trial, based on grounds of newly discovered evidence, states merely "that they did not know all the facts set out in movant's amended motion for new trial, and that same could not have been discovered by the exercise of ordinary diligence." The movant's affidavit states merely "that he had made every effort prior to the former trial of said cause to ascertain all the facts material to the issues involved, but was unable to discover this evidence, and same could not have been discovered by the exercise of ordinary diligence." These averments amounted to no more than "a mere opinion on their part, and gave no facts by which the court could judge of whether they had used due diligence or not, and whether the evidence could have been discovered before by such use." *Taylor* v. *State,* 132 *Ga.* 235, 237 (63 S. E. 1116); *Baggett* v. *State,* 42 *Ga. App.* 389, 390 (156 S. E. 276); *Trammell* v. *Shirley,* 38 *Ga. App.* 710 (2) (145 S. E. 486).

■ Moreover, the affidavit by counsel states merely "that they did not know all the facts set out in movant's amended motion for new trial, and that same could not have been discovered by the exercise of ordinary diligence." It is not shown which of the facts were known or could have been discovered, and which were not known and could not have been discovered, and the affidavit was therefore defective.

■ In order to require a new trial because of newly discovered evidence, such evidence must be not merely cumulative in its character, but must be material, and it must be apparent that grave injustice would result unless the newly discovered evidence be admitted at another trial. Civil Code (1910), § 6085; *McKinnon* v. *Henderson,* 145 *Ga.* 375 (3) (89 S. E. 415); *Miller* v. *State,* 151 *Ga.* 710 (2), 713 (108 S. E. 38); *Republic Truck Sales Cor.* v. *Padgett,* 30 *Ga. App.* 474 (10) (118 S. E. 435). The affidavit of the new witness in support of the motion sets out as newly discovered evidence testimony by the witness, employed in the office of a deceased attorney for the defendant, to the effect that at the time of the negotiations for a settlement the alleged agent "had in his

possession" the note in question, and that it was the witness's "distinct understanding that [the defendant] would 'not be required to pay the $1,000 note" unless the alleged agent delivered to the defendant a $5,000 stock-certificate involved in the settlement between them. Thus, even if the affidavits of the defendant and his counsel could be held to come within the requirements of law, the affidavit of the witness setting forth the newly discovered evidence did not furnish sufficient ground for the grant of a new trial, for the reason that it merely states that the alleged agent had the note "in his possession," but does not state that it was produced, as required by the statute. Civil Code (1910), § 3578; *Dibble* v. *Law,* 141 *Ga.* 364 (2), 367 (80 S. E. 999). It is insufficient also for the reason that it merely states what was the witness's "distinct understanding," and does not set forth facts to justify such an understanding. See in this connection, *Hutchinson* v. *State,* 8 *Ga. App.* 684 (70 S. E. 63); *Bull* v. *Carpenter,* 32 *Ga. App.* 637, 640 (124 S. E. 381). The opinionative statement of the new witness, in the absence of opportunity to object thereto upon a trial, can not be taken as of sufficient probative value to require a new trial.

*Judgment affirmed. Stephens, J., concurs. Sutton, J., disqualified.*