23453. THOMPSON *v.* GROWERS FINANCE CORPORATION.

JENKINS, P. J. 1. "An intentional and fraudulent insertion of additional property in a chattel mortgage by the mortgagee renders the instrument void." *Bedgood-Howell Co.* v. *Moore*, 123 *Ga.* 336 (51 S. E. 420). Under section 4296 of the Civil Code (1910), an intentional, material alteration by a party claiming a benefit under a written contract, with intent to defraud the other party, does not ipso facto render the instrument void, but it may be made so "at the option of the other party." The effect, however, as to the entire contract, is the same, and the offending party, in an action at law against the maker, is not entitled to recover anything upon the instrument, where the defendant exercises his option by setting up the alteration as a defense. See *Rives* v. *Thompson*, 41 *Ga.* 68, 71; *Craig* v. *National City Bank*, 26 *Ga. App.* 128 (105 S. E. 632); 2 C. J. 1183, § 17. But the rescission of the contract by the injured party must be in toto; he can not affirm the contract in part and repudiate it in part. While he may under our

statute, at least in an action at law upon the instrument, raise the defense of fraudulent alteration to defeat the action, without offering to restore the consideration or benefits which he has received, he is not entitled, in such an action at law, to obtain affirmative relief upon the rescinded contract, or to restore his own status quo without regard to the status quo of the plaintiff. Thus, without determining (as beyond the jurisdiction of this court) what might or might not be done in a court of equity, where a mortgagor might seek to recover or recoup payments made upon a note and mortgage before the mortgagor discovered that the mortgage had been altered, without offering to restore the consideration money or property received from the mortgagee under the contract—where, in the instant action at law, the defendant mortgagor filed such a plea of recoupment without regard to the status quo of the plaintiff mortgagee, the court did not err in striking his plea upon motion of the plaintiff, and in leaving as the sole question under the pleadings whether the instrument was in fact fraudulently altered after delivery, so as to defeat the plaintiff's recovery. See *Glover* v. *Green*, 96 *Ga.* 126, 129, 130 (22 S. E. 664); *Shaw* v. *Probasco*, 139 *Ga.* 481 (3, 5) (77 S. E. 577); *Probasco* v. *Shaw*, 144 *Ga.* 422 (3) (87 S. E. 466); *Summerall* v. *Graham*, 62 *Ga.* 729; *Harden* v. *Lang*, 110 *Ga.* 396 (36 S. E. 100); Civil Code (1910), § 4305 (relating to rescission for fraud); 13 C. J. 623, §§ 682, 683; 2 C. J. 1184, § 20.

2. Motions for new trial based on newly discovered evidence not being favored by the courts, the evidence submitted as newly discovered must be not merely cumulative and impeaching in its character, must relate to new and material facts, and must be such as would likely produce a different verdict at another trial. Civil Code, §§ 6085, 6086; *Tilley* v. *Cox*, 119 *Ga.* 867, 872 (47 S. E. 219); *Schaefer* v. *Schaefer*, 46 *Ga. App.* 789, 790 (4) (169 S. E. 256); *Hope* v. *Biggers*, 46 *Ga. App.* 74, 77 (166 S. E. 686). Where, after a verdict for the plaintiff upon the issue as to whether the bill of sale, foreclosed as a chattel mortgage, had been fraudulently altered by inserting in the description the words, "other personal property—all farm implements and machinery located on the above farm," the defendant's motion for a new trial presented the newly discovered evidence of his former clerk and secretary that she was the person who actually prepared the instrument in question, and that the alleged addition quoted was not in the instrument at the time of its delivery, and the trial judge approved this ground of the motion, which set forth that this testimony was "material evidence not merely cumulative or impeaching in its character, but relating to new and material facts," such evidence of the distinctive character certified rendered mandatory the grant of a new trial. Although there is no brief of the evidence which was actually introduced, the certificate of the judge must be taken as true, and new evidence not in the previous trial, from the person possessing peculiar and distinctive knowledge upon the issue involved, by reason of having actually prepared the paper in question, that the addition in question was not in the instrument when she prepared and delivered it to the plaintiff, is of such vital importance as, if accepted and believed, would be likely to produce a different

verdict at another trial. It was therefore error, upon this ground, to refuse a new trial.

*Judgment reversed. Stephens and Sutton, JJ., concur.*

DECIDED APRIL 7, 1934.

*J. S. Adams, L. L. Porter, R. Earl Camp,* for plaintiff in error. *Blackshear & Blackshear, A. T. Levie,* contra.