25259. CUMBERLANDER *v.* THE STATE.

DECIDED APRIL 24, 1936.

*E. T. Moon,* for plaintiff in error.
*William Y. Atkinson, solicitor-general,* contra.

MacINTYRE, J. Quillian Cumberlander was indicted for murder, and was convicted of voluntary manslaughter. His motion for new trial was overruled, and he excepted.

Exclusive of the alleged confession, the testimony of the State's witnesses was to the effect that there was an argument in a crap game between King Hill (the deceased) and the defendant, about some money. "The crap game broke up then; they quit." In about five minutes Hill came back around the house with his pistol in his hand and said to the defendant, "Throw my money from you, nigger." The defendant "taken the dollar and throwed it out there from him." Hill then said, "Put it out there where I can get it." After Hill took up the money and "had gone two or three minutes up the road," a distance of about 200 or 250 feet, the defendant approached him from the rear, opened fire on him, and killed him. The evidence authorized the verdict, and the general statutory grounds are not meritorious.

The first ground of the amendment to the motion complains that the court erred in charging the jury on the law of confessions, because, at most, the defendant made an inculpatory statement, and not a confession. A witness, Shouse, testified that the defendant said: "Well, I just as well tell the truth about it. Here is the way it happened. We were down there gambling. I made King Hill give me 50 cents I had in the dollar. In a few minutes King Hill and his brother come back down there and King Hill told me to throw him that dollar. I started to give him the dollar, and he said, 'Throw it down.' I laid the dollar down, and he took the dollar. His brother come up and says, 'Let's go,' and they started on up that way a distance; they must have been about 200 feet or 250 feet; and I run around the house, picked up a mustard bottle, knocked him down, grabbed his pistol, and shot him while he was on the ground. He claimed he shot him with King's own pistol." "There is a difference between an incriminating statement and a confession of guilt. In the former only one or more facts entering into the criminal act is admitted, while in the latter the entire criminal act is confessed." Owen v. State, 120 Ga. 296, 298 (48 S. E. 21). "There is a very wide distinction between admitting the main fact and some minor or subordinate fact or series of facts which could be true whether the main fact existed or not." Fletcher v. State, 90 Ga. 468, 471 (17 S. E. 100). We think the admission of the defendant is broad enough to comprehend every essential element necessary to make out the case against him. Owen v. State, supra. We there-

fore think the evidence authorized a charge on the law of confessions.

"Motions for new trial based on newly discovered evidence not being favored by the courts, the evidence submitted as newly discovered must not be merely cumulative and impeaching in its character, but must relate to new and material facts and must be such as would likely produce a different verdict at another trial." *Thompson* v. *Growers Finance Cor.*, 49 *Ga. App.* 119 (2) (174 S. E. 192); *Williams* v. *State*, 174 *Ga.* 174 (162 S. E. 377); *Hope* v. *Biggers*, 46 *Ga. App.* 74, 77 (166 S. E. 686). Applying this rule the court did not abuse its discretion in refusing to grant a new trial on the ground of newly discovered evidence.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*