JOHNSON *v.* THE STATE.

</div>

JENKINS, Presiding Justice. 1. "A new trial may be granted in all cases where any material evidence, not merely cumulative or impeaching in its character, but relating to new and material facts, shall be discovered by the applicant after the rendition of a verdict against him." Code, § 70-204. Under these provisions, newly discovered evidence that is merely impeaching in nature will not authorize a new trial, even though such evidence may relate to the only testimony on some vital point. *Arwood* v. *State*, 59 *Ga.* 391; *Levining* v. *State*, 13 *Ga.* 513; *Moreland* v. *State*, 134 *Ga.* 268 (2) (67 S. E. 804); *Wright* v. *State*, 34 *Ga.* 110 (2); *Jackson* v. *State*, 93 *Ga.* 190 (18 S. E. 401); *Key* v. *State*, 21 *Ga. App.* 795 (95 S. E. 269).

2. "Cumulative evidence" is loosely defined by the Code, § 38-102, as "that which is additional to other already obtained." But the true test as to whether evidence is cumulative depends not only on whether it tends to establish the same fact, but it may depend on whether the new evidence is of the same or different grade. It is only when newly discovered evidence either relates to a particular material issue concerning which no witness has previously testified, or is of a higher and different grade from that previously had on the same material point, that it will ordinarily be taken outside the definition of cumulative evidence, and afford basis for a new trial. *Brinson* v. *Faircloth*, 82 *Ga.* 185, 187 (7 S. E. 923); *Moore* v. *Ulm*, 34 *Ga.* 565, 571; *McKinnon* v. *Henderson*, 145 *Ga.* 373 (3), 374 (89 S. E. 415); *Malone* v. *State*, 49 *Ga.* 210 (15), 220; *Georgia Southern & Fla. Ry. Co.* v. *Zarks*, 108 *Ga.* 800 (2) (34 S. E. 127); *Fellows* v. *State*, 114 *Ga.* 233, 237 (39 S. E. 885); *Thomas* v. *State*, 52 *Ga.* 509, 514; *Dale* v. *State*, 88 *Ga.* 552, 561 (15 S. E. 287); *Blount* v. *King*, 51 *Ga. App.* 4 (2) (179 S. E. 198); 39 Am. Jur. 178, 179 (§§ 173, 174), and cit.; 46 C. J. 271-273 (§§ 239-241). But, as an exception to this rule, it is recognized that where the new evidence, though it be of the same or even inferior grade, tends not merely to strengthen the correctness of the contention on the particular material issue previously sought to be established, but such new proved fact or circumstance, if believed, would in and of itself establish or disprove the controlling point in controversy, or would establish or disprove it by supplying a link or gap missing in the previous testimony, it will afford basis for a new trial. *Cooper* v. *State*, 91 *Ga.* 362 (2), 366 (18 S. E. 303); *Saylors* v. *State*, 9 *Ga. App.* 227 (2), 229 (70 S. E. 975);

Hines *v.* Com., 136 Va. 728 (117 S. E. 843, 35 A. L. R. 431); Myers *v.* Brownell, 2 Aik. (Vt.) 407 (16 Am. D. 729).

3. All of the alleged newly discovered evidence was plainly either cumulative of the defendant's previous testimony or impeaching of the State's testimony, except new evidence by one affiant that, just before this defendant shot, the deceased "ran his hand in his pocket." This related to a fact as to which no witness testified at the trial, and the defendant in his statement to the jury said, "he started out with the pistol and I shot him," and "I shot him to keep him from killing me."

(*a*) However, even though it be assumed that such newly discovered evidence related to a material fact and was not merely cumulative or impeaching in character, the defendant in his motion for new trial must show not merely that neither he nor his attorney knew of such evidence at the time of the trial, but must also show by facts the exercise of due diligence on the part of both himself and his attorney, under which the new evidence was not and could not have been discovered. A recital, as in this case, that the new evidence was unknown to the defendant or his counsel before and at the time of the trial, and "could not have been discovered by the exercise of ordinary diligence," is a "mere opinion on their part, and [gives] no facts by which the court could judge of whether they had used due diligence or not, and whether the evidence could have been discovered before by such use." *Taylor* v. *State*, 132 *Ga.* 235 (3), 237 (63 S. E. 1116); *Patterson* v. *Collier*, 77 *Ga.* 292 (3), 296 (3 S. E. 119); *Wheeler* v. *Salinger*, 33 *Ga. App.* 300 (9) (125 S. E. 888), and cit.; *Tyre* v. *State*, 35 *Ga. App.* 579 (134 S. E. 178); *Holder* v. *Farmers Exchange Bank*, 30 *Ga. App.* 400 (6) (118 S. E. 467); *Schaefer* v. *Schaefer*, 46 *Ga. App.* 789, 790 (169 S. E. 256); *Trammell* v. *Shirley*, 38 *Ga. App.* 710, 727 (145 S. E. 486); *Baggett* v. *State*, 42 *Ga. App.* 389, 390 (156 S. E. 276); *Allison* v. *Garber*, 50 *Ga. App.* 333, 336 (178 S. E. 158). Especially is there no abuse of discretion, where, as in the instant case, the homicide occurred in the presence of a crowd, and several months elapsed before the trial, during which the defendant was at liberty under bond, and where there was no explanation or showing why the names and testimony of the new witnesses could not have been ascertained through other bystanders who testified at the trial. See *Roach* v. *State*, 63 *Ga.* 362, 365; *Hutchins* v. *State*, 70 *Ga.* 724 (2). From the foregoing rulings, the court did not err in refusing a new trial on the ground of newly discovered evidence.

(*b*) Moreover, in addition to the preceding requirements, newly discovered evidence must be such as would probably cause a different verdict to be returned, if introduced at another trial. *Mallory* v. *State*, 56 *Ga.* 545 (2); *Cooper* v. *State*, 91 *Ga.* 362 (2), 366 (18 S. E. 303); *Burge* v. *State*, 133 *Ga.* 431 (2) (66 S. E. 243). It cannot be said that the only new testimony not of merely cumulative or impeaching character, by one witness that the deceased merely "ran his hand in his pocket" before he was shot, would probably cause a verdict of acquittal, in view of the dying declaration of the deceased and all the other testimony at the trial, not only that he was unarmed, but that he had not made any menacing gesture before the fatal shot. For that additional reason, the

court did not abuse his discretion in refusing a new trial on this ground.
5. On the only remaining grounds, which are merely general, the evidence amply authorized the verdict.

*Judgment affirmed.  All the Justices concur.*

No. 14673.   November 9, 1943.

*R. O. Jackson* and *E. L. Reagan,* for plaintiff in error.

*T. Grady Head, attorney-general, Frank B. Willingham, solicitor-general,* and *Maud Saunders,* contra.