## 32552. WHITLEY *v.* THE STATE.

GARDNER, J. (*a*) On February 19, 1949, the defendant entered a plea of guilty of illegally operating an automobile.

(*b*) On February 21, 1949, he was sentenced on the plea, to pay a fine of $50 and serve twelve months on the public works of Clarke County. The sentence provided that, upon the payment of a fine, the twelve months sentence was to be served on probation. The fine was paid. The sentence further provided that the license to drive an automobile be suspended for three months.

(*c*) The Solicitor of the City Court of Athens (Clarke County) made a motion that the probation sentence of the defendant be revoked because the defendant had violated its provisions. After notice, and after hearing evidence from both sides, the Judge of the City Court of Athens, on March 26, 1949, revoked the probation sentence and ordered the defendant to serve the remainder of his sentence as provided by law on the public works of Clarke County.

(*d*) On March 31, 1949, the defendant through his attorney, filed a petition with the court stating that since the revocation of his probation sentence on March 26, 1949, he had discovered material evidence not merely cumulative and not solely impeaching in its character. He prayed the court to reopen the case and hear from the defendant this newly discovered evidence which he was ready to present at the pleasure of the court. The court granted this petition and set a date for hearing thereon. The solicitor was served and on April 16, 1949, a hearing was had as to this alleged newly discovered evidence. After hearing the evidence presented by the defendant, the solicitor made a motion to exclude the testimony on the ground that it was only impeaching in nature. The court sustained the motion, and dismissed the extraordinary motion, and sustained the order of March 26, 1949, revoking the probation sentence. On this judgment the defendant assigns error here.

(*e*) There is no question, not even any objection, on behalf of the defendant that the evidence presented in the first instance authorized the court beyond peradventure to revoke the probation sentence for the reason that the defendant operated his car without a license within the three-months period for which his license was suspended in the original probation sentence. The evidence presented on the hearing of the extraordinary motion attempted only to establish an alibi for the defendant on the occasion he was driving a car during the three-months period his license was suspended. There was positive evidence on the original hearing, when his probation sentence was revoked, that he was operating a car on the public highways and ran school children off the highway and against the embankment. It is therefore immaterial whether the judge excluded the testimony on the hearing of the extraordinary motion as being only impeaching or whether he had retained it within his breast and considered it along with the whole evidence. The effect is the same. It was not newly discovered evidence as contemplated under the Code, § 70-204. Under the facts of this case the principles of law in the cases cited by the defendant have no application. Those citations are: *Paden* v. *State,* 17 *Ga. App.* 112; *Nolan* v. *State,* 14

*Ga. App.* 824; *Todd* v. *Jackson,* 24 *Ga. App.* 519 (1); *Mitchell* v. *State,* 6 *Ga. App.* 558 (4); *Moseley* v. *State,* 17 *Ga. App.* 740. The court did not err in entering the judgment on which error is assigned.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*

DECIDED JULY 11, 1949.

*Jake B. Joel,* for plaintiff in error.

*Preston M. Almand, Solicitor,* contra.